STATE
*v.*
REDMOND.

</div>

---

## D. EDWARDS *v.* HIS WIFE.

The circumstance that a Judge of the Supreme Court tried a case as District Judge, affords no grounds to object to his trying the same case in his capacity as appellate Judge.

<div style="text-align:right">

9  321|
112  535|

</div>

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
 *C. Redmond*, for defendant.[*]

SLIDELL, C. J. The court is of opinion that the motion for recusation is not sustained by any provisions of the Constitution or laws.

It was argued that the participation in the decision of this cause by a member of this court, who, as District Judge, rendered the judgment now presented for revision, involves an inconsistency with the full benefit of the right of appeal given by the Constitution.

The Constitution requires this cause to be determined by this Court, of which the Justice referred to in the motion is a member. It must be considered as having silently left to the discretion of the Legislature the power to designate causes of recusation; a power exercised by Legislatures under former Constitutions, which were in like manner silent. There is no Statute recognizing such a ground of recusation, and therefore we think the appellant has no right to recuse the Justice; and on the contrary, it would seem that the appellee would have a right to require him to sit, if for example his presence were necessary for a quorum, or if the question arose whether another Judge could be called in under Article 70.

If, however, for the purposes of argument, it were conceded that this court could hear a motion for recusation upon any ground not mentioned in the Constitution or Statutes, we have to observe that the inconsistency said to be involved does not seem to us to exist; and a reference to the organization and practice of the courts elsewhere will show that it is not so considered. And let it be remarked that in some of the instances to which we are about to allude, the participation, by a Judge who had previously acted in the cause, in its subsequent revision, is not accidental and unforeseen, but on the contrary foreseen and in the usual course.

Thus, the Justice of the Supreme Court of the United States determines a cause as Circuit Judge, and afterwards is a member of the tribunal which revises his own decree.

So in the English Court of Common Pleas, the Chief Justice and his Associates individually hear causes, and afterwards sit together and determine upon the correctness of the ruling of the individual Judge.

The practice is the same in the King's Bench and in the Court of Exchequer.

In New York, under their new Constitution, the Court of Appeals is composed in part of Judges of the Supreme Court; and in *Pierce* v. *Delamantu*, 1 Comstock, p. 1, it was held that it was the right and the duty of the Judge of the Court of Appeals to take part in the determination of causes brought up for review from a subordinate court, of which he was a member, and in the decision of which he took part in the Court below. The opinion to that effect was delivered by Bronson, J., who had acted as Chief Justice in the determination of the same cause by the Supreme Court, and was concurred in by all the members of the Court. It is also stated that three of them, to wit: Jewett, C. J., who had been a Justice of the Supreme Court, Ruggles, J., who had been a Circuit Judge, and Jones, J., who had been Chief Justice of the Superior Court of the city of New York, subsequently took part in reviewing their own decisions while sitting in the several courts which have been just mentioned.

In that opinion it was forcibly remarked—" There is nothing in the nature of the thing which makes it improper for a Judge to sit in review upon his judgments. If he is what a Judge ought to be, wise enough to know that he is fallible, and therefore ever ready to learn ; honest enough to discard all mere pride of opinion, and follow truth wherever it may lead, and courageous enough to acknowledge his errors, he is then the very best man to sit in revision upon his own judgments. He will have the benefit of a double discussion. If right at first, he will be confirmed in his opinion ; and if wrong, he will be quite as likely to find it out as any one else."

If we had leisure to make the enquiry, we should find repeated instances of what has occurred in this tribunal, a Judge concurring, upon the revision, in the reversal of his own opinion ; a circumstance not surprising, when it is considered that in courts of first instance points often arise requiring prompt action, without previous elaborate argument, while in the revising tribunal abundant leisure for investigation is afforded to counsel and the court.[*]

It is not improper to remark that if the subject were presented to legislative consideration, a strong argument against the expediency of such an exclusion could be found in the fact that from sickness or other unavoidable cause, this bench frequently is not full, and the administration of justice might be much interrupted by the want of a quorum. The members of the present bench have held the office of District Judge; and hereafter, from time to time, the bench may be similarly composed.

We may add that uniformity in the jurisprudence of a court of last resort is highly important; and to this end, it is desirable that the decisions of this court, as far as conveniently may be, should be the result of the deliberation of all its members.

Motion discharged.

---

[*]Take for example, Lord Denman's opinion in *Powell* v. *Davies*, 5 Barn. & Athol, 368, and Lord Abinger's in *James* v. ——, Meeson & Wilsby, 29.