## No. 9344.

THE STATE OF LOUISIANA EX REL. SEGURA VS. THE JUDGE OF THE TWENTY-FIRST JUDICIAL DISTRICT.

Prohibition lies to a judge who assumes to take jurisdiction over, and determine a plea re-cusing him, on the ground of interest. Even if the plea has no merit, it does not appertain to him, but it belongs to the judge who is to be called to try the question, to pass upon it and so declare. 33 Ann. 1293; 34 Ann. 628; 36 Ann. 160; C. P. 338; Act No. 40 of 1880; Const. Art. 112.

It is the duty of a judge, upon the filing of a plea recusing him, on the ground of interest, to call upon another judge for the purpose of passing upon the plea, and to abstain from exercising jurisdiction over the cause, until the plea has been effectually over-ruled.

On failure on his part to do so, a prohibition will lie to prevent him from taking cognizance of the case.

APPLICATION for Prohibition.

*Edward Simon* and *Breaux & Hall* for the Relator.

Respondent *in propria persona.*

*Robert Perry* for *A. J. Wakefield* and others, Plaintiffs on Rule, etc.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition to prevent the defendant from trying a cause, in which he is recused as being personally interested.

The complaint is that, after the plea of recusation was filed, the judge refused to refer the trial thereof to another judge, acting in his place; that he passed upon it himself and overruled it; that he ought

not to have tried the same and that he is incompetent to sit on the merits of the cause.

The judge returns and argues elaborately to show that the recusation is not well founded and that he overruled it correctly.

It may well be, as the respondent claims, that the relator has no just foundation to recuse him, and that the plea has no merit; but, if such indeed be the case, it is not for him to say so.

His duty was, on the filing of the recusation, to have recused himself, to have called in another judge to try the plea and eventually the case, and to have abstained from exercising jurisdiction over the matter pertaining to the case, until the plea had been effectually overruled.

In the case of Hunter vs. Blackman, our immediate predecessors said, that a recused judge is incompetent to make any order, except one of recusation. If the power exercised by the judge should be recognized, it would insure an immunity from legal pursuit. The law, they said, never contemplated that any man, however honorable, should be a judge in his own case. Manning's Unrep. Cases, 427.

We ourselves have already ruled clearly in this sense on this very question. State ex rel. Terrell, 33 Ann. 1293; see also 34 Ann. p. 828; 35 Ann. 628; 36 Ann. 160; Const. Art. 112; Act 1880, No. 40; C. P. 338.

This rule of conduct applies to all judges, whether they exercise original or appellate jurisdiction. We deem it would be out of place to pass upon the hypothetical cases imagined by the respondent.

It is therefore ordered and decreed, that the restraining order herein made be maintained, and that the prohibition asked issues and be perpetuated.