## No. 9735.

### THE STATE EX REL. F. L. GATES VS. TAYLOR BEATTIE, JUDGE.

1. It is the duty of a judge recusing himself upon grounds other than *personal* interest in the suit, to appoint a lawyer, having the qualifications of a judge, of the district in which the recused case is pending; and if no lawyer can be obtained at the term of the court at which the recusation is declared, the judge shall immediately appoint some judge of an adjoining district to try the case.

2. In the event the recused cause shall not have been tried within nine months from the date of the recusation, it shall be the duty of the district judge to order the transfer of the case to the district court of the nearest parish in the adjoining district, the judge of which is competent to try the case.

3. In case of such transfer of the suit, the judge of the court to which the transfer is made has as full and complete authority and jurisdiction over the same as if it had originated in that jurisdiction.

APPLICATION for Prohibition.

*D. Caffrey, Foster & Southon* and *A. C. Allen* for the Relator.

*Breaux & Hall* and *E. Simon* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. This is an application for a writ of prohibition to restrain the respondent judge from any further proceeding with the trial of the suit of Theodore Fontelieu vs. F. L. Gates, the relator, which is a suit contesting defendant's right to the office of judge of the Twenty-first Judicial District.

Relator avers that plaintiff Fontelieu entered his recusation in that suit—he being at that time judge of that district—on the ground of

*personal* interest, and referred the case to the judge of the Twenty-fifth Judicial District; that he in turn transferred said suit to Nineteenth Judicial District, in which Judge F. S. Goode presided; that the Governor appointed B. F. Winchester to fill the vacancy occasioned by the death of Judge Goode, and he recused himself on the ground that he had been consulted as counsel, and appointed the respondent Judge of the Twentieth Judicial District to try the case, and he has undertaken the trial thereof.

Relator avers "that Judge Taylor Beattie is *entirely without authority* to try said cause, and that Judge B. F. Winchester was *entirely without authority to appoint* him to try it.

" Your petitioner says that when the said Judge Winchester ordered the appointment of Judge Beattie to try said cause, he, through counsel, excepted to the order on the ground of want of authority of Judge Beattie, and the further ground of there being in the district four lawyers having the necessary qualifications to act as judge *pro hoc,*" and that respondent judge is incompetent to try the cause, and that the recused Judge Winchester should have selected and appointed one of the attorneys of the Nineteenth Judicial District, having the necessary qualifications to try the same.

Respondent judge for answer returns " that in his opinion the recusation of Judge Winchester and the appointment of your respondent were in strict accordance with law," and he proceeded thereunder.

The defendant's bill of exceptions taken in the case of Fontelieu vs. Gates shows that, after recusing himself, Judge Winchester tendered the appointment of judge *pro hac vice* " to A. C. Allen, Esq., an attorney-at-law having the necessary qualifications of a judge of the district court, for the parish, to try the case, and that said A. C. Allen thereupon declined to accept the appointment;" and the judge tendered the appointment " to P. H. Mentz, Esq., an attorney having the necessary qualifications, who likewise declined ; whereupon his honor entered an order appointing Judge Taylor Beattie of the Twentieth Judicial District Court to try the case."

This order was excepted to by the relator, as defendant in the suit of Fontelieu vs. Gates, " on the ground that, in the Nineteenth Judicial District four lawyers having the necessary qualifications to try the case, to-wit: Geo. B. Shepherd, Septime Lanaux, Lucius Southon, Tobias Gusham, and Emile Burgh, could be called, or one out of their number could be appointed to try the case; and on the further ground that the Statute requires and orders the judge to appoint a lawyer, whenever he is recused, except for causes of interest," and that the

judge recused had no discretion in the matter. The recused judge assigns as his reason for appointing the respondent that "the court appointed every *qualified lawyer at the bar of St. Mary*, except Mr. S. Lanaux, who resided in Morgan City, and who was *not present*, before appointing Judge Beattie of the adjoining district." This bill of exceptions is annexed to and filed with the respondent's answer.

To us, the recusation of Judge B. F. Winchester and his selection and appointment of respondent were in strict conformity with the provisions of Sec. 2 of Act 40 of 1880, which reads as follows, viz: " That in cases in which a district judge shall be recused, except for cause of interest, he shall, for the trial thereof, appoint a lawyer having the qualifications of a judge of the district court, in which the recused case is pending, and if *no lawyer* having the necessary qualifications *can be obtained at the term of court at which the recusation is declared,* the judge (recused) shall *immediately* appoint some district *judge* of an adjoining district to try the case, who shall be notified of his appointment, etc. ;" and he shall, as early as practicable, go to the court at which the recused case, for the trial of which he shall have been appointed, is so pending and there try and determine the cause.

The relator's counsel, with great earnestness and ingenuity, argue Judge Winchester's "entire want of authority to appoint" Judge Taylor Beattie, and the latter's want of authority to *act* under said appointment and try said cause, for the reason that, Judge Winchester was himself a judge *ad hoc,* and the legislature had not given him such power ; and that this case presents a *casus omissus,* not provided for by Act 40 of 1880, or any other law of this State ; and insists "that the judge *ad hoc* appointed under section 5 of that act has not the same power as the judge appointed under sections 2 and 3; nor does he proceed to try the case in the same manner." He further contends that, when Judge Goode died and his successor, Judge Winchester, recused himself, there was an end of the legislative grant of jurisdiction, and the case is at a standstill, until the legislature affords relief.

Counsel for the relator places strong reliance upon Jarnau vs. Chopin, 6 La. 130, in which he claims, Judge Martin, as the court's organ, announced a similar principle as controling a similar case.

In that case the sole question presented for solution was, whether the court below erred in refusing an order of reference of the cause to the judge of an adjoining district, it appearing that both the district judge before whom the case was pending, and the judge of the parish in which the court was sitting, had been employed and consulted in the case. The motion was grounded on the first section of an act

passed in 1822, but which the court held to have been repealed by a statute enacted in 1824, which ordered reference of such cases to the parish judge.

The court ruled that the judge before whom the cause originated, and that one whom the law calls in his stead, being both incapacitated from acting, the appellant is precisely in the same situation, in which he would have been, under the act of 1822, if the judge of his own and of the two neighboring districts had been incapacitated. His, then, would be a *casus omissus* in the law, and remediable by the legislature only.

The act of March 23, 1880, is much more ample than was that of 1822. Section 5 of the former statute does not, in our opinion, provide for the selection or appointment of a judge *ad hoc* as relator's counsel contend. It is in these words:

"That when any recused case, for the trial of which a district judge has been appointed, as provided in sections 2 and 3 of this act, has not been tried in nine months from the date of the recusation, it shall be the *duty of the district judge to make transfer of such cause to the district court of the nearest parish of an adjoining district*, the judge of which was competent to try the case, etc."

An examination of State ex rel. Fontelieu and others vs. Conrad DeBaillon, Judge, 37 Ann. 393, will show that the defendant judge, to whom the cause had been originally transferred, failed to try the same during the prescribed period of nine months and said *cause* was thereafter transferred to the Nineteenth Judicial District Court for the parish of St. Mary, and where it now resides.

The *suit* having been regularly transferred to the Nineteenth Judicial District Court for the parish of St. Mary, under the provisions of the Act of 1880, it is quite as much under the control and jurisdiction of that court as any suit originally instituted within that territorial jurisdiction.

Judge Goode having died, Judge Winchester was appointed and took his place and stood in his place, and was and is fully vested with all the jurisdiction and authority that his predecessor, Judge Goode, possessed.

Having a recusable interest in the case of Fontelieu vs. Gates, as an employed attorney-at-law, he made and entered an order of recusation and appointed the respondent judge to *come into his court* and try the cause. In this we think he was correct.

On the other branch of the case we deem it sufficient to add that sec. 2 of act of 1880, makes it the duty of district judges who are thus

recused "to appoint a lawyer having the qualifications of a judge of *the district court in which the recused case is pending*, and if no lawyer, having the necessary qualifications can be obtained *at the term of the court at which the recusation is declared*, the judge (recused) shall *immediately* appoint some district judge, etc."

The statute does not say a lawyer of the judicial district, but a lawyer having the necessary qualifications of a judge of the district court *in which the recused case is pending*. In case such a lawyer cannot be "obtained *at the term of the court at which the recusation is declared* the judge (recused) shall *immediately* appoint some judge.

This statute was intended to facilitate and speed the trial of causes in which the trial judge may have a recusable interest. It certainly does not contemplate the recused judge delaying the trial until he had first tendered the appointment to every competent lawyer of the judicial district, before he should appoint a judge of an adjoining district.

It is, therefore, ordered and decreed, that the restraining order granted be rescinded and set aside, and that a perpetual prohibition be refused.