The opinion of the court was delivered by
Watkins, J.
Relator, as defendant in the suit of J. E. McDonald against him in the court of the respondent, complains that he tendered a plea of recusation of the respondent in writing, in limine, and prayed that he enter an .order recusing himself, and referring the aforesaid plea, for trial and determination, to some justice or judge of concurrent jurisdiction; but that, on the contrary, the respcndent at once illegally and wrongfully passed upon and decided said motion and illegally overruled it, refused to make the reference to another judge of concurrent jurisdiction, and refused to recuse himself.
Relator shows that under the law the respondent had no legal right to pass upon and decide the grounds of recusation stated in said motion, but was compelled to grant the order prayed for and *1593 refer said motion for trial to the nearest justice of the peace having jurisdiction.
Relator shows that the four suits which have been brought against him are for one dollar each, and that the suits have been filed in this manner for the sole purpose of making unnecessary costs.
That he has no right of appeal, and that he apprehends that the illegal acts of the respondent taking unwarranted jurisdiction in those cases will cause him irreparable injury. That in refusing to grant his motion to assign the question of his recusation to another judge or justice of concurrent jurisdiction, for trial, and assuming jurisdiction, and proceeding to the trial of said four causes, the respondent exceeded the bounds of his jurisdiction and authority.
That he is entitled to a writ of prohibition to prevent his further proceedings in said suits.
The respondent returns, that he has jurisdiction of the question in dispute, and that the averment of the relator’s petition to the effect, that “ he is in any manner interested, financially or otherwise, in the result of said causes is absolutely false and unfounded in fact.”
He further returns that the motion to recuse him was, upon its face, frivolous, and was intended to procure d lay.
The record of those suits discloses that relator’s motion to recuse the respondent, avers that he has an interest, personal and official, in the matter herein involved, and that that interest is connected with the interest of plaintiff, in that he has an understanding and agreement with the plaintiff, or promise from him to receive from him a certain percentage on the amount of plaintiff’s claim sued on and collected.”
And it further alleges that respondent “ has been consulted and advised with by the plaintiff regarding this claim,” etc.
It further shows that this motion was filed in the respondent’s court on the 18th of October, 1895, and on the 23d of same month and year that the respondent gave to the attorneys of relator the following notice, viz.:
“John E. McDonald vs. “R. F. Hogsett. }Nos. 335, 336, 337, 338.
“ To R. F. Hogsett, Sr., Greeting (T. D. Foster and R. F. Broussard, Attorneys) :
“ Take notice that in the above entitled and numbered causes, that the motion filed by you has been overruled, for the reason that *1594 the averments therein contained have no existence in fact or form, nor do they contain any element of truth in their construction.
“ Given under my hand officially this the 23d day of October, 1895.
“ J. H. Patín, J. P.»
Liberally construed, respondent’s representations are, that the charges are untrue in point of fact, and that is the purport of his return.
Accepting this statement of the respondent, as true in fact, does that put the matter in any more favorable light?
The motion does charge, in express terms, that the respondent had and has a personal interest in the claims in suit in the cases before his court. That that interest is connected with that of the plaintiff. That there exists an understanding and agreement between the respondent and the plaintiff therein, to the effect that the former is to receive a percentage of the claims in the event of their collection.
These charges are plain, direct and unequivocal. If true, certainly the respondent ought not to sit in judgment on those cases..
In our opinion he ought not to have attempted to have thus summarily brushed the charges aside and proceeded with their trial.
From the notice given to relator’s counsel it appears that he not only tried the application to recuse him as judge and dismissed it, but that he evidently proceeded very summarily in the premises, acted without any evidence and ex parte.
The law provides that a judge may be recused by reason of “his being interested in the cause and for other just causes,” etc. O. P. .'337, 338.
And the Code instances the case of “ his having been employed <or consulted as advocate in the ease.” Id. No. 2.
It further declares that “when the judge is personally interested in the suit,” he shall call on some other judge “to try the case.” C. P. 342.
It further expressly provides with regard to justices of the peace that in case he be'challenged for any cause “ he shall send the cause to be tried by the justice of the peace living nearest to the domicile or usual place of residence of the defendant.” O. P. 1072.
A judge can not determine a plea of recusation, however unfounded it may be.
*1595 In State ex rel. Segura vs. Judge, 37 An. 253, this court said:
“ The complaint is that after the plea of recusation was filed, the judge refused to refer the trial thereof to another judge acting in his place; that he passed upon and overruled it; that he ought not to have tried the same, and that he is incompetent to sit on the merits of the case.”
The court then very correctly observes that “it may well be, as respondent claims, that the relator has no just foundation to recuse him and that the plea has no merit; but if such indeed be the case, it is not for him to say so.
“His duty was on the filing of the recusation to have recused himself, to have called in another judge to try the plea, and eventually the case, and to have abstained from exercising jurisdiction over the matter pertaining to the case until the plea had been ■effectually overruled.”.
In Hunter vs. Blackman, Manning’s Unreported Oases, 427, our immediate predecessors said “ that a recused judge is incompetent to make any order except one of recusation.” See, also, to the same effect, State ex rel. Tyrrell vs. Judge, 33 An. 1293; State ex rel. President, etc., vs. Bishop, 36 An. 160; State ex rel. Trimble vs. Judge, 38 An. 247; State ex rel. Nolan vs. Judge, 39 An. 995; State ex rel. Fontelieu vs. Judge, 37 An. 394.
Counsel for the respondent refers us to the case of State ex rel. Mexican International Improvement Company, 41 An. 567, as announcing a different principle; but it presents a wholly different question. For it appears that the presiding judge, ex proprio motu, recused himself on the ground of relationship and the cause was at once reallotted to another judge.
He also refers to the ease of State vs. Chantlain, 42 An. 719, but that decision, whilst quoting with approval the principles governing the 33 An. 1293, 37 An. 253, 38 An. 247, 39 An. 995, proceeds thus:
“ But these decisions do not refer to motions which upon their face, and admitting all their allegations to be true, afford no legal ground for recusation.”
After referring to the provisions of the Code of Practice applicable, the court say:
“ The motion made by the defendant sets forth no one of these causes. It was frivolous on its face, made on the eve of trial, and •could have no purpose or effect but to create delay.”
*1596 No such state of facts exists in this ease. The relator is entitled to relief.
It is therefore ordered that the preliminary writ of prohibition be perpetuated and made absolute and peremptory, at respondent’s cost.