State ex rel. Morgan vs. Judge and Lumber Company.

## No. 12,792.

STATE EX REL. GEORGE MORGAN VS. DANIEL W. VOORHIES, JUDGE
AD HOC AND THE JEANERETTE LUMBER AND SHINGLE COMPANY,
LIMITED, THROUGH J. W. STOKOE, PRESIDENT, PLAINTIFF IN
RULE.

The authority of a judge *ad hoc* over the judgment which he had rendered does not
end with his signature to the judgment. So long as he has not resigned nor
vacated the position in some legal way, and the case is before the court which
made the appointment, he retains control over it. The cause in a limited sense
may be considered terminated, but for many purposes it remains a pending
suit until finally disposed of (Brown vs. Pontchartrain Land Company, 49 An.
1779; State *ex rel.* Ludeling vs. Judge, 39 An. 794).
He is the proper person to take cognizance of an application to have defend-
ant in injunction, who has violated the injunction, ruled into court for and pun-
ished for contempt.

APPLICATION for a Writ of Prohibition.

*Edward Simon* for Relator.

Respondent Judge *pro se; Foster & Broussard* for Lumber Com-
pany, Respondent.

Submitted on briefs April 9, 1898.
Opinion handed down April 18, 1898.
Rehearing refused May 2, 1898.

The opinion of the court was delivered by
NICHOLLS, C. J. On the 15th of July, 1895, the Jeanerette Lumber
and Shingle Company brought suit against the relator in the Nine-
teenth Judicial District for the parish of St. Martin alleging that he had
trespassed and was still trespassing upon property belonging to it—
cutting down trees, etc. The company applied for and obtained
from the clerk of the District Court (in the absence of the judge) an
injunction restraining Morgan from going upon the land or removing
or causing to be removed the timber which had been cut down by
him or through his orders.

The District Judge recused himself by reason of interest and of hav-
ing been consulted in reference to the issues involved, and appointed
Daniel W. Voorhies, *judge ad hoc.*

Defendant having answered the case went to trial, and judgment was rendered in favor of the plaintiff, perpetuating the injunction. Subsequent to the signing of the judgment, plaintiff applied to the court for a rule upon the defendant to show cause why he should not be punished for contempt of court, it being alleged that he had violated the injunction. The judge *ad hoc* took cognizance of the application, and under his signature directed the rule to issue as prayed for.

Defendant as a relator has applied to this court for a writs of *certiorari* and prohibtion—urging that the authority of the judge *ad hoc* ceased with his signature to the judgment.

We are not of that opinion. So long as he has not resigned or vacated the position in some legal way and the case is before the court in which the appointment was made, the judge *ad hoc* retains control over it. The cause, in a limited sense, may be considered terminated, but for many purposes it remains a pending suit until finally disposed of. (Brown vs. Pontchartrain Land Co., 49 An. 1779; State *ex rel.* Ludeling vs. Judge, 39 An. 794.) We see no good reason in support of relator's position. The grounds upon which the District Judge recused himself still existing, he would be as unable to take action in the case as he was before, and it would be a useless formality (to say the least) to require the court to make a reappointment of the same attorney in order to authorize him to control and supervise the execution of the judgment which he had himself rendered.

For the reasons assigned it is hereby ordered and decreed that the orders and writs heretofore issued herein be set aside and relator's application is dismissed at his costs.