(36 South. 554.)

No. 15,189.

STATE ex rel. RIBBECK v. FOSTER, Judge,· et al.*

(April 11, 1904.)

JUDGES — RECUSATION—RELATION TO PARTY — DETERMINATION AS TO DISQUALIFICATION— POWER OF JUDGE AD HOC.

1. A motion to recuse the presiding judge of the district court for affinity is properly referred by him to a member of the bar appointed judge ad hoc, but a motion to recuse the judge ad hoc so appointed should be decided by him, his action in the premises being subject to review by the court having jurisdiction of the case on appeal, or by this court, exercising its supervisory jurisdiction, as the case may be.

2. The husbands of two sisters are "brothers-in-law" within the meaning of the law providing for the recusation of judges.

3. For the purposes of the question of recusation it is immaterial whether a litigant, who is the brother-in-law of the judge, is suing in his own right or in a representative capacity.

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Application by the state of Louisiana, on the relation of Rudolph P. Ribbeck, for writs of certiorari and prohibition to T. Don Foster, judge of the Nineteenth Judicial District Court, and L. O. Hacker, judge ad hoc. Application granted.

─────────

*Rehearing denied May 9, 1904.

Félix Voorhies, for relator. Respondent Judges, pro se.

### Statement of the Case.

MONROE, J. Relator was sued in the district court by James A. Lee, receiver of the New Iberia Cotton Mill Company, Limited, for $75, an amount alleged to have been assessed upon his subscription to the capital stock of that company. After issue had been joined by the filing of an answer, Lee died, and J. W. Compton was appointed receiver, and filed a petition making himself a party plaintiff in the suit. The new receiver then moved to set the cause for trial, to which the defendant objected on the ground that he had not been served with a copy of the petition last above referred to, and, the objection having been overruled, moved that the presiding judge be recused on the ground that he and Compton are brothers-in-law (the two, it appears, having married sisters). Thereupon the presiding judge appointed L. O. Hacker, Esq., judge ad hoc to hear and determine the motion so made, to which appointment the defendant objected, and, the objection having been overruled, he moved that the appointee be recused on the ground that he had been consulted, and was the attorney of one and the father-in-law of another of the stockholders "in these cases." The presiding judge, by whom the appointment had been made, thereupon assumed to try the issue thus presented, and the defendant objected that he was without authority so to do, and refused to participate in the trial, which resulted in the overruling of the motion to recuse the judge ad hoc, who accordingly proceeded to the trial of the question which had been submitted to him, and (defendant refusing to participate) decided that there was no sufficient ground for the recusation of the presiding judge. The defendant then applied to this court for writs of certiorari and prohibition, to which application the presiding judge and the judge ad hoc have

made returns, which, together with the application, present the case set forth in the foregoing statement, and from which it further appears that the judge ad hoc is in no manner related to the parties to, or interested in, the suit in which he was called on to act, and has never been consulted or acted as counsel therein, or in any other suit of like nature pending before the court.

## Opinion.

Prior to the promulgation of the Code of Practice and to the repeal of the Spanish laws, it seems to have been the duty of a judge in this state to decide a cause properly before him even though he might be interested in the result, unless he was recused on the oath of a party thereto (Gibson et al. v. Foster et al., 2 La. Ann. 503); and prior to the passage of Act No. 40, p. 28, of 1860, a judge of the Supreme Court was competent to revise a judgment rendered by him as district judge (Edwards v. Wife, 9 La. Ann. 321; 2 Hen. Dig. p. 1288, No. 11). Act No. 40, p. 38, of 1880, provides "that any judge of the district court * * * shall be recused for either of the following causes: * * * Third—having been consulted as an advocate in the cause. Fourth—his being the father-in-law, son-in-law, or brother-in-law of one of the parties. * * * Sec. 2. * * * That, in cases in which a district judge shall be recused, except for cause of interest, he shall, for the trial thereof, appoint a lawyer. * * * Sec. 6. * * * That, for the trial of cases in which the district judge shall be recused, the lawyer or judge appointed under Sec's 2 and 3 of this act, shall have and exercise the same powers as the judge (recused) may exercise in cases before his court in which no cause of recusation exists. * * *"

Act No. 35, p. 48, of 1882, amending Code Prac. art. 338, specifies in ipsissimis verbis the causes of recusation as above stated, but there is no other statute than the Act No. 40, p. 38, of 1880, and Act No. 74, p. 96, of 1884, relative to the interchange of judges, which provide for the trial of recused cases, and there is no statute which provides for the trial of the question of the existence vel non of legal cause for recusation. In some of the states (probably a majority of them), if the averments of the petition for recusation are not admitted by the judge, or if they are denied by the opposing litigant, that question must be determined by the judge himself, if alone, or by his associates, if sitting with others. In other states there are statutes making it mandatory upon the judge to recuse himself upon the presentation of an affidavit setting forth certain grounds of recusation. In Kentucky such a statute has been condemned as lowering the dignity of the judiciary, and rigidly construed. Enc. Pl. & Pr. vol. 11, p. 783, and notes. In this state, whilst, as we have seen, the causes for which judges shall be recused and the manner in which recused cases shall be tried are specified and regulated by statute, the question of the tribunal in which, in the first instance, the question of the existence vel non of legal cause for recusation shall be determined, has been, in a measure, settled by a jurisprudence which rests upon no positive statutory enactment; the rule established by repeated decisions being that, when the cause of recusation is not admitted by the judge, or is denied by one of the parties, the judge cannot himself decide the issue, but must refer it to a judge ad hoc, to be appointed by him, or to a neighboring judge, as provided by law in cases in which he is actually recused. State ex rel. Tyrrell v. Judge, 33 La. Ann. 1293; State ex rel. Segura v. Judge, 37 La. Ann. 253; State ex rel. Trimble v. Judge, 38 La. Ann. 247; State ex rel. Nolan v. Judge, 39 La. Ann. 994, 3 South. 91; State v. Chantlain, 42 La. Ann. 719, 7 South. 669; State ex rel. Hogsett v. Justice, 47 La. Ann. 1592, 18 South. 622. It may also be regarded as established jurisprudence that, quoad

the judge by whom he is appointed, the special judge, unless he legally vacates the position, has entire jurisdiction of the case to which he is assigned. State ex rel. Segura v. Judge, 37 La. Ann. 253; State ex rel. Fontelieu v. Judge, Id. 392; State ex rel. Gates v. Judge, 38 La. Ann. 452; Halphen v. Guilbeau & Broussard, Id. 724; State ex rel. Ludeling v. Judge, 39 La. Ann. 793, 2 South. 595; State ex rel. Morgan v. Voorhies, Judge ad hoc, 50 La. Ann. 807, 24 South. 276.

Taking the two propositions together, it might be argued that the special judge is no more to be permitted to determine as to his own competency to hear and decide a case than the regular judge. Assuming, however, that it has been correctly held that the regular judge is without jurisdiction to determine whether he ought to recuse himself in a given case, and conceding that a special judge has the same control over the case before him as a regular judge, does it follow that the law from which the whole process of reasoning starts, and which contains no language denying the jurisdiction mentioned, is to be so construed as to lead to the result that a defendant, sued for a small sum, may, merely by moving to recuse the regular judge and each successive special judge, as appointed, defeat all attempts to obtain a trial of the suit that has been brought against him? We think not. And whilst we do not feel called upon to disturb a settled jurisprudence which holds that a judge having original jurisdiction of a cause cannot act upon the question of his own recusation, neither do we feel called upon to extend the application of the doctrine so held to the judge ad hoc or neighboring judge, who has been appointed, whether to try the question of the recusation of the regular judge or to try the recused case. When so appointed, his jurisdiction over the case before him must be held to include the power to hear and determine any question affecting his own recusation, his action in the premises being subject to review by the court having jurisdiction of the appeal, or by this court exercising its supervisory jurisdiction, as the case may be.

In a case presenting somewhat similar features it has been held by the Supreme Court of Missouri that a statute providing that a judge shall be incompetent to try a criminal case if the defendant files his affidavit, properly supported, that such judge will not afford him a fair trial, applies only to the regular judge, and that, after he has thus been disqualified, and the judge of another circuit has been called in to try the case, the latter cannot be disqualified in the same way. State v. Greenwade, 72 Mo. 298.

It follows from this that the judge ad hoc in the instant case should have proceeded to hear the application for his own recusation, and, in the event of his reaching the conclusion that it was not well founded, that he should then have acted upon the application to recuse the regular judge. As the matter stands, the question of his own recusation has not been acted on by the proper authority, and his judgment upon the question of the recusation of the regular judge was, as we conclude, premature, for the reasons given, and erroneous, because the husbands of two sisters come within the definition of brothers-in-law (Webster's International and Standard Dictionaries, verbo "Brother-in-Law"); and it is immaterial, for the purposes of the question here involved, whether a litigant who is the brother-in-law of the judge is suing in his own right or in a representative capacity.

It is therefore ordered, adjudged, and decreed that the Honorable T. Don Foster, judge, be prohibited from further proceeding with the trial of the case of James A. Lee, Receiver (J. W. Compton, Receiver, substituted) v. Rudolph P. Ribbeck, and that his action therein subsequent to the appointment of L. O. Hacker, Esq., as judge ad hoc, be avoided and annulled. It is further ordered that the action taken in said case by said L.

O. Hacker, judge ad hoc, subsequent to the filing of the application for his recusation, be likewise avoided and annulled, and that the case be taken up at that point by said judge ad hoc, and proceeded with according to law and to the views hereinabove expressed.

See dissenting opinion of BREAUX, C. J., 36 South. 556.