(47 South. 538.)

No. 17,333.

STATE v. BANTA.

In re BANTA.

(Nov. 4, 1908.)

JUDGES (§ 51*)—COURTS (§ 204*)—PREJUDICE —RECUSATION—SUPREME COURT—SUPERVISORY CONTROL.

Where the reasons assigned in the motion to recuse the trial judge in a criminal case are not purely frivolous, but present something to be considered, as where it is alleged that the judge is the enemy of the accused and is so biased and prejudiced as to be incapable of giving him a fair trial, and the judge denies the truth of the allegations and declines to recuse himself, he is legally incompetent to sit in judgment on the motion, and, the case being unappealable, his action in so doing will be reviewed by this court in the exercise of its supervisory power.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 229; Dec. Dig. § 51;* Courts, Dec. Dig. § 204.*]

(Syllabus by the Court.)

Louis Banta was charged with crime. Order to recuse the judge was denied, and accused applies for writs of certiorari and prohibition. Order reversed, and case remanded.

Walter Lemann, John Howell Pugh, and Edward Nicholls Pugh, for relator. Respondent Judge, pro se.

## Statement of the Case.

MONROE, J. It appears from the petition herein that relator was charged with an offense for which he was to be tried by the judge (without a jury), and, having been arraigned, pleaded "not guilty"; that he thereafter moved to recuse the judge, upon the ground that he is his (mover's) personal enemy and is so biased and prejudiced as to be incapable of giving him (mover) a fair and impartial trial, which motion was overruled by the judge himself, on the ground (as stated by him) that "the allegations contained in the motion are frivolous—they are without foundation in fact or law." And thereupon relator made to this court the application for writs of certiorari and prohibition which is now being considered, alleging that the judge was without jurisdiction to act upon the motion for his recusation, and praying that he be prohibited from further proceeding, etc.

The judge, by way of return, says, "that the motion to recuse assigns no legal ground therefor, and that the allegations therein contained are untrue; * * * that, if it were a fact that there was any cause to prevent him from giving the defendant a fair and impartial trial, it would need no suggestion or motion to induce him to recuse himself," etc.

## Opinion.

Prior to 1858 there was no statute law in this state providing for the recusation of a judge in a criminal case; the only law upon the subject of recusation being that contained in the Code of Practice, which Code, by its terms, is confined in its application to civil cases. By Act No. 303, p. 218 of 1858, § 1, it was declared:

"That any judge may be recused or may recuse himself, in criminal cases, if said judge be connected by blood or marriage with any person charged with any offense against the laws of the state."

This provision appears as section 1067 of the Revised Statutes, and as such was amended by Act No. 35, p. 35, of 1877, which reads in part:

"Section 1. That section 1067 of the Revised Statutes * * * be amended and re-enacted so as to read as follows: Any judge may be recused, or recuse himself, in criminal cases: First, if said judge be connected by blood or marriage with the accused. Second, if said judge be related to the party injured by the accused within the fourth degree, or if he be the father-in-law, son-in-law, or brother-in-law of the party injured by the accused. Third, if said judge has been employed as prosecuting attorney, or for the defense, before his election or appointment as judge."

By Act No. 40, p. 38, of 1880, it was provided:

"Section 1. * * * That any judge of the. district court, elected, or who may hereafter be elected, under the Constitution adopted and ratified in 1879, shall be recused for either of the following causes: First, his being interested in the cause; provided, that in all civil and criminal causes, in which the state, or the parish, or political or religious corporations are interested, it shall not be sufficient cause to challenge a judge who may have cognizance of the case to allege that he is a citizen or inhabitant of the state, or the parish, or a member of said political or religious corporations, or that he pays any state, parish, or city tax. Second, his being related to one of the parties within the fourth degree. Third, his having been employed or consulted as advocate in the cause. Fourth, his being the father-in-law, son-in-law, or brother-in-law of one of the parties. Fifth, his having rendered definitive judgment in the cause in any other court."

The statutes above referred to were followed by Act No. 35, p. 48, of 1882, which reads:

"Section 1. * * * That article 338 of the Code of Practice be so amended and re-enacted as to read as follows: The causes for which a judge may be recused are: 1. His being interested in the cause; provided, that, in all civil and criminal causes in which the state, the parishes, or political or religious corporations are interested, it shall not be sufficient cause to challenge the judge or justice of the peace who may have cognizance of the case (nor the sheriff or the executive officer, or any of the jurors who are called to serve in the case), to allege that they are citizens or inhabitants of the state, or of the parishes, or members of the said political or religious corporations, or that they pay any state, parish, or city tax. 2. His being related to one of the parties within the fourth degree. 3. His having been employed or consulted as advocate in the cause. 4. His being father-in-law, son-in-law, or brother-in-law of one of the parties. 5. His having performed any judicial act in the cause, in any other court."

It has been held that the effect of the acts of 1880 and 1882 is to operate the repeal of the act of 1877 (at least in so far as to require the recusation of a judge in a criminal case where he is related to the recused in the fourth degree). State ex rel. Jones v. Judge, 41 La. Ann. 319, 6 South. 22. And, as the act of 1882 is the later statute, it would necessarily repeal the others in so far as they might conflict, though it contains no repealing clause. It will thus be seen that, prior to 1880, there was no statute authorizing or requiring the recusation of a judge in a case such as that here presented, since the Code of Practice had no application to criminal cases, and neither the act of 1858 (as embodied in the Revised Statutes) nor the act of 1877 made any provision for recusation in a criminal case, for cause of interest or bias, save such as might be presumed in the particular cases specified, to wit, where the judge was connected by blood or marriage with, and where he had been previously employed to prosecute or defend, the accused. The act of 1880, however (as also the act of 1882), reads that the judge "shall" be recused for other causes besides, and the first cause specified is: "His being interested in the cause." Not his being interested because of relationship, or prior employment, or prior action as a judge, but, merely, "His being interested in the cause." Now, it might be said that by "cause," as the word is thus used, is meant civil cause. But that construction does not seem to be admissible when we consider the context, thus (quoting from the act of 1880): "First, his being interested in the cause; provided, that, in all civil and criminal causes in which the state," etc., which leaves no room for doubt that interest is a ground for recusation in a criminal, as well as in a civil, cause. The question, then, presents itself, What is meant by "interest," as ap-

plied to the relation of a judge to a criminal cause? And that question we do not feel called upon, at this time, to answer; the purpose of the foregoing observations having been merely to show that, in the question here arising, upon the motion to recuse, there is something to be considered, and hence that it is not a case of pure frivolity, such as would be presented if the motion were based upon an allegation relating to the color of the judge's eyes or the phases of the moon. And, such being the conclusion, it follows that the writ of prohibition must issue, since it is well settled that (save when purely frivolous reasons are assigned) a judge is incompetent to sit in judgment upon a motion for his own recusation. State ex rel. Tyrrell v. Judge, 33 La. Ann. 1293; Board, etc., v. Perche et al., 36 La. Ann. 160; State ex rel. Segura v. Judge, 37 La. Ann. 253; State ex rel. Trimble v. Judge, 38 La. Ann. 247; State ex rel. Hogsett v. Justice, 47 La. Ann. 1592, 18 South. 622; State v. Foster, 112 La. 536, 36 South. 554.

It is therefore ordered, adjudged, and decreed that the judgment herein complained of, whereby the respondent overruled the motion for his recusation, be avoided and reversed, and that this case be remanded, to be proceeded with according to law and to the views expressed in the foregoing opinion.