plied to the relation of a judge to a criminal cause? And that question we do not feel called upon, at this time, to answer; the purpose of the foregoing observations having been merely to show that, in the question here arising, upon the motion to recuse, there is something to be considered, and hence that it is not a case of pure frivolity, such as would be presented if the motion were based upon an allegation relating to the color of the judge's eyes or the phases of the moon. And, such being the conclusion, it follows that the writ of prohibition must issue, since it is well settled that (save when purely frivolous reasons are assigned) a judge is incompetent to sit in judgment upon a motion for his own recusation. State ex rel. Tyrrell v. Judge, 33 La. Ann. 1293; Board, etc., v. Perche et al., 36 La. Ann. 160; State ex rel. Segura v. Judge, 37 La. Ann. 253; State ex rel. Trimble v. Judge, 38 La. Ann. 247; State ex rel. Hogsett v. Justice, 47 La. Ann. 1592, 18 South. 622; State v. Foster, 112 La. 536, 36 South. 554.

It is therefore ordered, adjudged, and decreed that the judgment herein complained of, whereby the respondent overruled the motion for his recusation, be avoided and reversed, and that this case be remanded, to be proceeded with according to law and to the views expressed in the foregoing opinion.

---

(47 South. 539.)

No. 17,334.

STATE v. HOLLIDAY et al.

In re HOLLIDAY et al.

(Nov. 4, 1908.)

STATE v. BANTA FOLLOWED.

The judgment in this case is based upon the reasons assigned in the case of State v. Banta (this day decided) 47 South. 538, ante, p. 235.

(Syllabus by the Court.)

P. W. Holliday and others were indicted for crime. On order of the judge refusing to recuse himself, they apply for writs of certiorari and prohibition. Order reversed, and case remanded.

Walter Lemann, John Howell Pugh, and Edward Nicholls Pugh, for relators. Respondent Judge pro se.

MONROE, J. The question presented in this case is the same as that this day decided in the case of State v. Banta (No. 17,333) 47 South. 538, ante, p. 235.

For the reasons assigned in that case, therefore, it is ordered, adjudged, and decreed that the judgment herein complained of, whereby the respondent judge overruled the motion for his recusation, be avoided and reversed, and that this case be remanded, to be proceeded with according to law and to the views expressed in the opinion mentioned.

---

(47 South. 539.)

No. 17,335.

STATE v. DANOS.

In re DANOS.

(Nov. 4, 1908.)

STATE v. BANTA FOLLOWED.

The judgment in this case is based on the reasons assigned in the case of State v. Banta (No. 17,333) 47 South. 538, ante, p. 235, this day decided.

(Syllabus by the Court.)

J. L. Danos was indicted for crime. On an order of the judge refusing to recuse himself, he applies for writs of certiorari and prohibition. Order reversed, and case remanded.

Walter Lemann, John Howell Pugh, and Edward Nicholls Pugh, for relator. Respondent Judge, pro se.

MONROE, J. The question presented in this case is the same as that this day decided in the case of State v. Banta (No. 17,333) 47 South. 538, ante, p. 235.

For the reasons assigned in that case, therefore, it is ordered, adjudged, and decreed that the judgment herein complained of, whereby the respondent judge overruled the motion for his recusation, be avoided and reversed, and that this case be remanded, to be proceeded with according to law and to the views expressed in the opinion mentioned.