State ex rel. Tyrrell vs. Judge of Fifteenth District Court.

No. 8383.

THE STATE OF LOUISIANA EX REL. JOSEPH TYRRELL VS. THE JUDGE OF THE FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF POINT COUPEE.

When a judge is recused on account of interest in the cause, he cannot himself decide the issue raised on that point by his denial, but must refer it, to be tried as provided by law.

APPLICATION for writ of Prohibition.

*Robert Semple*, District Attorney, and *O. O. Provosty*, for Relator.
*John Yoist*, Judge, Respondent.

The opinion of the Court was delivered by

TODD, J. On the 28th of October, 1881, the relator obtained a judgment before a justice of the peace, in the parish of Point Coupee, against one Mac Johnson, for sixty dollars and interest. From this judgment the defendant in the case appealed to the District Court of said parish, presided over by the Hon. John Yoist, defendant in the present proceeding.

After the appeal was filed in the appellate court, the relator's attorney filed an exception alleging that the District Judge, Hon. John Yoist, had a personal interest in the result of the suit, and moved for his recusation. The judge having refused to recuse himself, and the relator fearing that he would proceed to try the case and pronounce judgment therein, applied to this Court for a writ of prohibition, to restrain him from further proceedings. An alternative writ having been granted, the defendant judge has made answer, and denies having any interest in the case.

The Code of Practice, Art. 337, defines recusation thus:

" Recusation is the refusal on the part of the defendant to have his cause tried by the judge before whom he has been sued, on account of the ties of relationship existing between such judge and the plaintiff, or for other just causes hereafter expressed."

Among other causes expressed, is that of a judge being interested in the cause. For such cause, either party may challenge or move the recusation of the judge.

When *a refusal* has thus been made to the judge's trying the cause, on account of interest, that refusal must be respected by the judge. He must either admit his disqualification and enter up the order of recusation or deny it, and thereby raise an issue touching his right to try the case. If he pursues the latter course, it is plain to see that he could not legally decide that issue himself. Assuming that he is interested— as charged—that interest would prompt him to declare himself *not* inter-

ested, as much as it .would move him to follow that interest in the judgment he would render in the cause. Hence, it is not enough for the judge to disavow an interest, but, where such disavowal is not satisfactory to the party making the challenge—as in the present case—and he insists .upon showing such interest in the judge, it evinces an unwarranted exercise of authority in this officer to assume to determine this question, so exclusively personal to himself and affecting his own competency. He should at once recuse himself on this issue and refer it to be tried in the manner pointed out by law. If on such trial, the ground of recusation is shown untenable and the competency of the judge to try the case decreed, then, and not till then, is the judge authorized to proceed in the case.

To hold otherwise, would be to render this important right of recusation or challenge nugatory and worthless.

From this it clearly follows, that the trial and overruling of the exception by the defendant judge touching his recusation, and any and all other proceedings thereafter are null and void.

For,these reasons, the writ of prohibition is made peremptory at the cost of the defendant.