## No. 9080.

THE PRESIDENT AND BOARD OF CHURCH WARDENS OF THE ROMAN CATHOLIC CHURCH OF ASCENSION ET AL. VS. THE RIGHT REV. N. J. PERCHÉ, BISHOP, ET AL.

Appeal lies from order of judge *a quo* rescinding his former voluntary recusation against the protest of a party, and after the recusation has been acted upon. Such order of rescission is illegal.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Earhart*, J. *ad hoc*.

*R. N. Sims* and *E. N. Pugh* for Plaintiffs and Appellants.

*J. H. Ilsley, Bérault & Legendre*, and *P. E. Théard & Sons*, for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The plaintiffs having presented to the court *à quâ* a petition praying for an injunction, the judge thereof declined to grant the order and formally recused himself, directing his order of recusation to be entered on the minutes. Thereupon, under the provisions of Act 43 of 1882, the clerk of the court granted and signed the order of injunction and fixed the amount of the bond, which was duly furnished, and the citation and writ of injunction were issued and served.

Afterwards, the plaintiffs moved the court for the appointment of a judge *ad hoc*, and thereupon the judge entered his order rescinding his recusation as having been improvidently made.

From this rescinding order plaintiffs applied for and obtained a suspensive appeal, which is the one now before us.

### MOTION TO DISMISS.

The motion is founded on two grounds, viz:

1. That the order appealed from is an interlocutory order, and one occasioning no irreparable injury.

This Court has held that, while no appeal will lie from an order of a judge recusing himself, one will lie from an order refusing to recuse himself.    Fields vs. Gagné, 33 A. 339; Jarreau vs. Choppin, 6 La. 133.

A like distinction was enforced in another case, where it was held that an order transferring a case to a neighboring judge was not appealable, though "an appeal would lie if the right of transfer had been denied."   State ex rel. Fontelieu vs. Judge, 31 A. 47.

We think this case falls within the appealable class.

2. That the appeal has been satisfied by the subsequent appointment of a judge ad hoc to try the case.

It appears that after the suspensive appeal had been perfected, the defendants in the cause moved the court to appoint a judge ad hoc and this was accordingly done.   The appeal cannot be affected by such subsequent proceedings.   We have authority to look into them only for the purpose of discovering whether the appellant has acquiesced in the judgment appealed from.   No such acquiescence appears.   Appellants protested against action by the judge in the case until the determination of the suspensive appeal.

While the prosecution of the appeal seems purposeless, the rights of appellants must be governed by the principle of law applicable in such cases.

The motion to dismiss is, therefore, denied.

---

## On the Merits.

It seems clear that, under the circumstances of this case, where recusation of the judge had been acted upon, and where plaintiff's remedy rests upon an order granting the injunction made by the clerk of the court which he would have had no right to make but for the recusation of the judge, the latter was without authority to rescind his recusation. If he might do so, in such a case, it is difficult to say when his right to rescind would cease—whether it might not continue after the appointment of the judge ad hoc and even after the partial trial of the case before the latter.

We have held that when a judge has refused to recuse himself upon motion of a party to the suit, he cannot try and decide the issue of recusation himself, but must refer it, to be tried as provided by law. State ex rel. Tyrrell vs. Judge, 33 A. 1293.

The present case, where he undertakes to rescind his voluntary recusation, against the protest of a party, cannot be distinguished from the above.

Perhaps a different rule might apply if the judge had recused himself through mere inadvertence or misapprehension and rescinded before action taken thereon. But here, the subsequent action taken by the judge in repealing his recusation excludes the idea of inadvertence or misapprehension.

It is, therefore, ordered, adjudged and decreed, that the order rescinding the recusation of the judge of the lower court be annulled and set aside and that the case be remanded, to be proceeded with according to law, appellees to pay costs of this appeal.