## No. 9430.

### THE STATE EX REL. FONTELIEU AND OTHERS VS. CONRAD DEBAILLON, JUDGE, ET AL.

Under Act No. 40 of 1880, which regulates the manner of trying recused cases, the recused judge is stripped of all control over the case, which is transferred in its entirety to the judge selected to try the same. If nine months elapse after recusation without a trial, the cause must then be transferred to the district court of the nearest parish of an adjoining district, the judge of which is competent to try the cause. That order must emanate from the judge first appointed to try the case—who alone has the legal authority to make the same.

His selection of a parish as the nearest parish within the meaning of the statute, will not be disturbed by the Supreme Court, unless glaringly erroneous or grossly unjust.

This Court will not interfere with the exercise of a sound legal discretion by district judges. This Court will take judicial cognizance of the geography of the State and of the proximity to each other of the several parishes of the State.

APPLICATION for Mandamus.

*Breaux & Hall* and *F. Simon* for the Relators.

Respondents *in propriis personis*.

The opinion of the Court was delivered by

POCHÉ J.   This proceeding is predicated on the following facts and incidents:

In May last, 1884, the relators herein filed distinct suits in the Twenty-first Judicial District Court for the parish of Iberia, contesting the election of their opponents as candidates for certain offices to which they claimed to have been legally elected.

Fontelieu, one of the present relators, who was then the judge of that court, recused himself on the ground of personal interest, and referred the three cases for trial to the respondent DeBaillon, judge of the twenty-fifth judicial district.

In the meantime, in consequence of certain proceedings which took place in the State Legislature, Frederick Gates, the other respondent herein, was provisionally appointed, and was qualified as judge of the twenty-first judicial district, under the provisions of Article 198 of the Constitution.

As the candidate who had been declared elected to that office, he is the defendant in the suit involving the title thereto, instituted by the relator Fontelieu. Hence he has not (as in law he could not) made any order rescinding the recusation of the judge of the court, ordered by his predecessor, in either of the suits which now concern us.

For reasons which are not exactly apparent in the record now before us, and which could not, at all events, be considered in the present proceeding, the respondent DeBaillon has not yet tried either of said causes.

Hence application was made to him by the relators for the order contemplated by section 5 of Act No. 40 of 1880, which regulates the trial of recused cases, which section reads as follows:

"That whenever any recused case, for the trial of which a district judge has been appointed, as provided in sections two and three of this act, has not been tried in nine months from the date of the recusation, it shall be the duty of the district judge to order the transfer of such case to the district court of the nearest parish of an adjoining district, the judge of which is competent to try the cause." * * *

Judge DeBaillon then made an order transferring the three cases to the nineteenth judicial district court of St. Mary, as that parish was the nearest parish of an adjoining district to the parish of Iberia. Relators complain that the judge's order is erroneous, and they contend that under the law the cases should have been transferred to the district court of the parish of Lafayette, as they had prayed for in their written application hereinabove referred to.   Hence their appli-

cation for a writ of mandamus in order to coerce the respondent to transfer the cases to the parish of Lafayette.

At first glance, section 5 of the act of recusation, presents an apparent ambiguity as to which of the judges should make the order therein contemplated. Hence, relators have brought up both of the judges as respondents in these proceedings.

But a careful consideration of the whole act leaves no doubt on our minds that the order of transfer must emanate from the judge to whom the case had been referred on the recusation of the judge of the court in which the suit was filed.

Section 6 of the act provides:

"That for the trial of cases in which a district judge shall be recused, the lawyer or judge appointed under sections 2 and 3 of this act, shall have and exercise the same powers as the judge (recused) may exercise in cases before his court, in which no causes of recusation exist, and all orders and decrees rendered by them, or either of them, shall have the same force and effect as orders and decrees rendered by a district judge in cases where there is no cause of recusation."

Hence, in treating of the effect of the identical order of recusation, which we are now considering, and of its *status* under the subsequent assumption of the office by Judge Gates, we said in the case of the State ex rel. Mestayer vs. DeBaillon, Judge, 36 Ann. 830:

"It therefore follows, and it is virtually conceded, that under its effect the respondent became vested with jurisdiction over the cause as absolutely and as exclusively as would have been the case with a suit originating in his own court.

"The jurisdiction thus acquired under and by virtue of a judicial order must attach and continue until it has been destroyed or divested by equally competent authority in a direct order, not by inference or even by collateral proceedings."

These views were reaffirmed in the case of the State ex rel. Segura vs. DeBaillon, recently decided and not yet published. As we have already shown, Judge Gates has as yet taken no steps or made no orders with a view to disturb this condition of things. On the contrary, in his answer herein he specially disclaims any authority or even any desire to assume or exercise jurisdiction in any of the matters involved in the premises.

Having reached the conclusion that Judge DeBaillon was the proper and the only authority which could legally make the order contemplated in the section, we have now to consider whether he has made

the proper order. In his return he states that, in his opinion, the parish of St. Mary is the nearest parish of an adjoining district, within the meaning of the statute, and that from his knowledge of the issues presented in the several suits, the parish seat of St. Mary is by far nearer than the parish seat of Lafayette to the locality wherein were placed the polls contested in the pleadings.

We take judicial cognizance of the geography of the State, and we find no error in the reasons of the judge.

And besides, the very language of the statute imports the exercise of a certain amount of discretion by the judge who is intrusted with the power of making the transfer of such cases. And the exercise of that discretion must not be interfered with except in certain cases of glaring wrong or of unbearable injustice.

Relator's contention that, because the cases had been referred to Judge DeBaillon he had no power or authority to send them to any other district but his own, finds no sanction under a proper construction of the statute. Under the provisions of section 3, the recused judge must appoint some district judge of an adjoining district, without being required to select the judge of the nearest residence. But under section 5, the selection must be made of the nearest parish—and it may occur that the judge selected in the first place is not the judge of the "nearest parish." If the statute contemplated that the case should of necessity be transferred to the court presided by the judge first selected, language of easy conception would have been used to convey that idea. Had such been the intention of the lawmaker, he would not have taken the pain to require that the recused case should be transferred to a court, "*the judge of which is competent to try the cause.*" The law must contemplate, as it certainly requires, that the judge to whom the case had been referred by the recused judge is competent to try the cause.

Laws will not be construed as containing vain and unmeaning provisions.

We find no error in the order complained of by relators, and hence they are entitled to no relief. The writ of mandamus herein applied for is therefore refused, at the costs of relators.