JUGGINS, Justice.
 

 On January 31, 1940, a petition was filed in the Twenty-fifth Judicial District Court of Plaquemines Parish for the appointment of an attorney, under Article IX, Section 6 of the Constitution of 1921, and Act 135 of 1880, to institute suit for the removal from office of Leander H. Perez, District Attorney for the Parishes of Plaquemines and St. Bernard, State of Louisiana.
 

 It is alleged that the District Attorney is guilty of incompetency and favoritism in office, and particularly, that he failed to present to the Grand Jury, in accordance with law, the matter of the killing of the late Mrs. Angelina Treadaway in August 1939, during a strike at the Dunbar-Dukate Shrimp Packing Plant at Violet, St. Bernard Parish, La., in which Adam Melerine, Peter Guerra and Sylvero Molero are involved.
 

 The petition, purporting to be filed by the twenty-six persons named therein, is signed by the attorney alone and he also signed the annexed affidavit stating that the allegations therein contained are true and correct, to the best of his information, knowledge and belief. Attached to the petition is a photostatic copy of a document requesting that an attorney be appointed to institute suit for the impeachment of the District Attorney on the grounds of incompetency, favoritism, and oppression in office, which document appears to have been signed by twenty-five individuals (eleven making their “X” marks), four of whom are different from the petitioners named in the formal petition signed by the attorney. There is no allegation in the petition that the petitioners are taxpayers within the Twenty-fifth Judicial District, nor is there proof annexed thereto that they are twenty-five citizens and taxpayers, although they are described as such in the preamble thereof.
 

 On February 1, 1940, the District Attorney filed a petition for the recusation of the District Judge, J. Claude Meraux, on the ground that he had a personal interest in the matter, since he had caused to be instituted these proceedings for the purpose of protecting his brother who was being investigated by the District Attorney in connection with unlawful gambling enterprises. The District Attorney, reserving his rights under the plea of recusation, also filed an exception to the jurisdiction of the court ratione materiae, alleging that only three of the twenty-five named petitioners were taxpayers in the Twenty-fifth Judicial District, as appears from the certificate of the Tax Assessor of the
 
 *768
 
 Parish of St. Bernard, annexed to and made a part thereof.
 

 On February 2, 1940, Judge Meraux refused to recuse himself on the ground that the petition therefor did not disclose any right or cause of action because, under the law, to appoint an attorney to institute the impeachment suit as requested, was merely a ministerial duty on his part. The district judge then appointed Richard A. Dowling, Attorney, to file the suit. Thereupon, the District Attorney filed an application in •this Court for writs of certiorari, prohibition and mandamus, which were granted •and made returnable on February 16, 1940.
 

 The district judge, the clerk of court, the attorney for the petitioners, and the attorney who was appointed to institute the impeachment proceedings were all made respondents and filed answers setting up substantially the same reasons assigned by the district judge in refusing to recuse himself, and the respondent, Midlo, annexed to his return, photostatic copies of petitions requesting the appointment of an attorney to bring impeachment proceedings against the district attorney, purporting to be signed by several hundred alleged citizens and taxpayers.
 

 The petition of the District Attorney asking for the recusation of the district judge is not based upon the mere general allegations that the district judge was an interested party but facts are set forth tending to show the same. It is, therefore, not faulty in that respect.
 

 In the case of State v. Nunez, 147 La. 394, 402-405, 85 So. 52, 56, we said:
 

 “In State ex rel. Tyrrell v. Judge, 33 La. Ann. 1293, it appeared that a motion was made to recuse the judge as having a personal interest in the result of the (civil) suit, and the motion was overruled. After referring to the provisions of the Code of Practice on the subject, this court said:
 

 “ ‘When a refusal has thus been made to the judge’s trying the cause on account of interest, that refusal
 
 must be respected by the judge.
 
 He must
 
 either admit his disqualification and enter up the order of recusation or deny it, and thereby raise an issue touching his right to try the case. If he pursues the latter course, it is plain to see that he could not legally decide that issue himself.
 
 (Our italics.) Assuming that he is interested as charged, that would prompt him to declare himself
 
 not interested,
 
 as much as it would move him to follow that interest in the judgment that he would render in the cause.
 

 “ ‘Hence it is not enough for the judge to disavow an interest, but, where such disavowal is not satisfactory to the party making the challenge, as in the present case, and he insists upon showing such interest in the judge, it evinces an unwarranted exercise of authority in this officer to assume to determine this question, so exclusively personal to himself and affecting his own competency. He should at once recuse himself on this issue and refer it.to be tried in the manner pointed out by law. If on such trial the ground is shown to be untenable and the competency of the judge to try the case is decreed, then, and not till then, is the judge authorized to proceed in the case. To hold otherwise would be
 
 *770
 
 to render the important right of recusation or challenge nugatory and worthless.’ ”
 

 In State ex rel. Segura v. Judge, 37 La.Ann. 253, it was held:
 

 “It may well be, as the respondent claims, that the relator has no just foundation to recuse him, and that the plea has no merit; but, if such indeed be the case, it is not for him to say so.
 

 “His duty was, on the filing of the recusation, to have recused himself, to have called in another judge to try the plea and eventually the case, and to have abstained from exercising jurisdiction over the matter pertaining to the case, until the plea had been effectually overruled.
 

 “In the case of Hunter v. Blackman, Man.Unrep.Cas. 427, our immediate predecessors said, that a recused judge is incompetent to make any order, except one of recusation. If the power exercised by the judge should be recognized, it would insure an immunity from legal pursuit. The law, they said, never contemplated that any man, however, honorable, should be a judge in his own case.
 

 “We ourselves have already ruled clearly in this sense on this very question. State ex rel. Tyrrell v. Judge, 33 La.Ann. 1293; see also (Southern Mut. Ins. Co. v. Pike) 34 La.Ann. [825] 828; (Nugent v. Stark) 34 La.Ann. 628; (President, etc., of Roman Catholic Church of Ascension v. Perche) 36 La.Ann. 160; Const. Art. 112; Act 1880, No. 40; C.P. 338.”
 

 In State ex rel. Martin v. Judge, 152 La. 768, 94 So. 389, we again concluded that where a charge of interest is made in a petition to recuse a judge, he should either recuse himself or refer the question to another judge, and quoted, with approval, the following language from 15 R.C.L. pages 526 and 527, paragraph 16:
 

 “Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights, and courts cannot too carefully guard against any attempt of an interested judge to force himself on litigating parties. It is an ancient maxim, applicable in all cases, civil or criminal, where judicial functions are to be exercised, whether in proceedings of inferior tribunals or in
 
 courts
 
 of
 
 last
 
 resort, that no man ought to be a judge in his own cause, a maxim which' appeals with such force to one’s sense of justice that it is said by Lord Coke to be a natural right so inflexible that an act of parliament seeking to subvert it would be declared void. * * *”
 

 See also Article 338, Code of Practice.
 

 It is our opinion that the trial judge erred in refusing .to recuse himself and then overruling the plea, of recusation.
 

 The respondent district judge contended that as it was a mere ministrial duty to appoint an attorney as requested by the petitioners, he had authority to do so under the law.
 

 Under Section 6 of Article IX of the Constitution of 1921, the court has no jurisdiction to appoint an attorney to file impeachment proceedings against a district attorney unless petitioned to do. so by. twenty-five citizens within the district, who are taxpayers. Such jurisdiction must appear
 
 *772
 
 and be determined before the judge can legally act. State ex rel. Clayton v. Jones, 192 La. 671, 188 So. 737, and Elster v. Picou, 144 La. 1052, 81 So. 710.
 

 It is elementary that a judge must, ex-officio, take notice of any lack of jurisdiction ratione materia:. Scott v. Howell, 177 La. 137, 148 So. 6. Therefore, the power exercised by a judge in appointing an attorney to file impeachment proceedings under Article IX, Sec. 6, of the Constitution of 1921 is not ministerial but judicial, because it involves the exercise of discretion and judgment in determining whether or not the court has jurisdiction ratione materia. 34 C.J. 1179, Ex parte Garland, 4 Wall. 333, 18 L.Ed. 366.
 

 Respondents next argue, that the pleas of the District Attorney were premature, because he was without interest in the subject matter of the .petition to appoint an attorney to impeach him.
 

 The relator, in such a matter, certainly has enough interest to prevent the judge from acting therein by passing upon a jurisdictional question involved and a plea for recusation where facts are alleged tending to show that the judge is personally interested in the case.
 

 In State ex rel. Martin v. Judge, supra, the Court said [152 La. 768, 94 So. 390]:
 

 “It is true that a criminal offense charged under affidavit and upon which a warrant has issued and arrest been made is not one upon which, in the present state of the law, a • conviction or acquittal may- be had. Nonetheless it is a proceeding in which the X-euuaqpu-e-'spuadap pasnoon sip jo Ai-iaqq be discharged, granted bail, or committed without bail according to the nature of the charge and depending upon the decision of the judge or magistrate after hearing the evidence in any particular case. The judge is called upon, therefore, to exercise his judicial powers and discretion by virtue of his office, in a manner which may affect seriously the rights of the accused.”
 

 The District Attorney certainly had an interest in having determined whether the Court had jurisdiction ratione materia; and whether the alleged interested judge was competent to act in the matter.
 

 Moreover, paragraph 3, Section 7 of Article IX of the Constitution of 1921, provides:
 

 “In any cause finally decided in favor of a defendant officer, he shall recover judgment for all costs and a reasonable attorney’s fee.” ■
 

 Section 1 of Act 135 of 1880 requires that citizens-taxpayers be named in the petition to remove and Section 10 provides that, if the'case is decided in favor of the defendant officer, the citizens-taxpayers at and upon whose request the suit was brought shall be condemned, jointly and in solido, to pay all costs. Thereforé, the district attorney also had an interest in having determined whether or not properly qualified parties in sufficient, numbers instituted the proceeding, for in the event, of his vindication, he would be entitled to a reasonable attorney’s fee and costs against those parties.
 

 The respondents have referred us to the case of In re Byrne, District Attorney, 193
 
 *774
 
 La. 566, 191 So. 729, as being in point and decisive of the issues presented herein. In that case, the District Attorney requested a suspensive appeal from an ex parte order appointing an attorney to institute removal proceedings against him, alleging that the petition did not state a right or cause of action, as it only set forth conclusions of incompetency and favoritism in office and not the facts upon which those charges were based. He did not attack the jurisdiction of the court ratione materiae or ask for the recusation of the district judge. The court held that the judgment was not a final one and if considered as an interlocutory judgment, it did not cause irreparable injury to the District Attorney because he could raise the issue of insufficiency of alleged facts by an exception, in the event the attorney appointed by the court concluded there was sufficient evidence to justify instituting the removal proceedings. We did not say that the district judge need not exercise his judicial powers in determining if he had jurisdiction ratione materiae, nor did we hold that the district judge charged with a personal interest in the proceeding could himself overrule the motion of recusation ‘and enter the order appointing an attorney to bring impeachment proceedings against the District Attorney.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court overruling the plea of recusation be annulled and set aside and the order appointing Richard A. Dowling, Attorney, to institute removal proceedings against Leander H. Perez, District Attorney, in the Twenty-fifth Judicial District Court for the Parish of Plaquemines, be vacated and annulled, and that Honorable J. Claude Meraux, District Judge of the Twenty-fifth Judicial District Court for the Parish of Plaquemines, be and he is hereby ordered to recuse himself or to refer the question of his recusation raised by the pleadings to' another judge; respondents to pay the costs of this Court; all other costs to await the final disposition of this litigation.
 

 .O’NIELL, C. J., concurs in the decree.