ODOM, Justice
 

 (dissenting).
 

 I dissent from the ruling of the majority. I base my dissent upon two grounds, the. first being that in my opinion the motion
 
 *156
 
 to recuse sets out no legal ground for recusation and the second that, even if it be true, as held by the majority, that the motion does set out legal grounds for recusation, Judge Boagni should be ordered either to recuse himsqlf or to refer the motion to another judge for trial.
 

 The settled rule is that, if the allegations of fact set out in the motion to recuse do not state a legal ground for recusation, the judge sought to be recused may himself overrule the motion and need not refer it to another judge for trial. The cases supporting this rule are cited in the majority opinion, this day handed down, in the case of State v. Daly J. Doucet, 199 La. 276, 5 So.2d 894.
 

 The relator, Lennie Savoy, through counsel filed a motion to recuse Judge Boagni on the ground that he was interested in the cause, which is one of the grounds for recusation set out in Article 303 of the Code of Criminal Procedure.
 

 In State ex rel. Martin v. Judge, 152 La. 768, 94 So. 389, 391, this court said:
 

 “As we have said in other cases, it is not sufficient that the motion [to recuse] allege that the judge is interested, biased, or prejudiced; but facts must be set forth which, if proven, would sustain that conclusion.” Citing State v. Nunez, 147 La. 394, 85 So. 52; State v. Blount, 124 La. 202, 50 So. 12; State v. Hayes, 127 La. 762, 53 So. 983, and State v. Morgan, 142 La. 755, 77 So. 588.
 

 Relator Has set out in detail and at length the facts on which he relies to show that Judge Boagni is interested in the cause. The pertinent question, then, is whether the facts alleged by relator in his motion to recuse set out a legal cause for recusation.
 

 As to .the facts alleged by relator to show that Judge Boagni was interested in the cause, the record speaks for itself. I quote in full relator’s motio.n to recuse:
 

 “I. That your defendant does not desire to have this cause tried by the said Judge Kenneth Boagni before whose court he has been charged, on account of the fact that the said Judge Kenneth Boagni is interested in the said cause, personally and pecuniarily for the following reasons:
 

 “(a) That the said Judge Kenneth Boagni is aligned and affiliated with, and is an active leader of a political faction in the Parish of St. Landry, which is, and Was, opposed to your defendant, Savoy, and to the political faction with which your defendant, Savoy, is aligned, which opposi-. tion existed from the time your defendant became assessor of the Parish of St. Landry; when your defendant was a.candidate for the office of assessor of .St. Landry Parish in the year 1935, through his. term as assessor for the years 1936-1940, and which exists at the present time; and that said opposition is continually being fomented and kept alive by the political faction with which the said Judge Kenneth Boagni is affiliated.
 

 “(b) That the said Judge Kenneth Boagni was one of the organizers of an organization known as the Voluntary Guardians of Clean Government, and until he became a candidate for his office
 
 *157
 
 in December 1940, was the president of the said Voluntary Guardians of Clean Government; that the present District Attorney, Honorable Seth Lewis, was affiliated with the said Voluntary Guardians of Clean Government, as a member of the executive committee, and that the candidacy of your defendant, Sayoy, for the office of assessor of St. Landry Parish, at the election held in 1940 was opposed by the said Voluntary Guardians of Clean Government and that, despite said opposition, your defendant was reelected.
 

 “(c) That the political faction with which the said Judge Kenneth Boagni is aligned and affiliated, and the said Voluntary Guardians of Clean Government, in furtherance of a plan and scheme to obtain control of the office of assessor of St. Landry Parish, and control of the said police jury, have sought to discredit your defendant and, finally, to bring about his indictment with a view of having him removed from office and having a successor appointed by Sam Houston Jones, Governor of the State of Louisiana, whose first endorsement as a -candidate for governor was that given by the Voluntary Guardians of Clean Government, when the said Judge Kenneth Boagni was president of the said organization.
 

 “(d) That the said Judge Kenneth Boagni will be a candidate to succeed himself; that your defendant, Savoy, will be a candidate at the next general election for assessor of St. Landry Parish, and that the said Voluntary Guardians of Clean Government will endorse the candidacy of the said Judge Kenneth Boagni and will oppose your defendant and the candidate for the office of judge of the 27th Judicial District Court, and opposed to the said Kenneth Boagni, Judge, viz: Isom J. Guillory; and that your defendant, Savoy, intends to support' the said Guillory for said office.
 

 “(e) That the said Kenneth Boagni, now Judge of this Court, and his associates, organized the said Voluntary Guardians of Clean Government, and that one of the motives of said Kenneth Boagni in participating in organization of the same, was to secure from it an endorsement of candidates for Governor and the Legislature that would be favorable to the ouster by constitutional amendment of Judge Isom J. Guillory of the 27th Judicial District, the declaration of a vacancy in said office and the election or installation in said office of said Kenneth Boagni; and that all of this was part and parcel of a scheme of said Boagni, and his associates in said organization, to get the office of judge of this Court for said Boagni; for the present unexpired term and the ensuing term; and that carrying out the said scheme, the Voluntary Guardians of Clean Government did endorse the candidacy of Honorable Sam Jones for Governor of Louisiana and those candidates for the Legislature and the State offices aligned with the Honorable Sam Jones, and did, in furtherance of said scheme, cause to be introduced in the Legislature at its Regular Session of 1940, Senate Bills Nos. 170 and 171, and said Boagni appeared, with other members of the Voluntary Guardians of Clean Government, before
 
 *158
 
 the Legislative Committees and argued for the passage thereof; and said ■ bills were passed and became Acts Nos. 386 and 387 of 1940; were adopted by the electors, and had the effect of ousting the said Judge Guillory and vacating his office, paving the way for said Boagni’s election to his office until the next regular election and to build up for his candidacy for the ensuing term of said office.
 

 “(f) That, during the campaign which' preceded the State primary election held during the year 1940, and since that time, the said Kenneth Boagni, individually and as ■ President of the so-called Voluntary Guardians of Clean Government, made speeches, printed, or caused to be printed, pamphlets or dodgers, and printed, or caused to be printed, news articles in various newspapers, denouncing the former State Administration, and particularly the parish administration of the Parish of St. Landry, of which your defendant is a leader as assessor of St. Landry Parish.
 

 “That the said statements denouncing the said Parish Administration, of which your defendant is one of the leaders, and directly, or by implication, accusing the members of. said parish administration of being guilty of graft, corruption or oppression in office, were repeatedly made by the said Kenneth Boagni, individually, and as President of the Voluntary Guardians of Clean Governmént, and were so publicized that the said Judge Kenneth Boagni would be subjected to ridicule and severe criticism by the public, which he knows would greatly prejudice his chances for reelection, if your defendant, Savoy, is acquitted.
 

 “II. That the said Kenneth Boagni, as President of the Voluntary Guardians of Clean Government, and as member of the executive committee thereof, caused to be printed and circulated throughout the Parish of St. Landry, by means of certain handbills, charges against your defendant, Savoy, and others with whom he is politically affiliated, reading, in part, as follows:
 

 “ ‘Go to the polls on next Tuesday and cast your vote.for the Sam Jones ticket, State and Parish, from top to bottom, and thereby do your part to restore decency, honesty and freedom to our State and Parish.’
 

 “III. That in the case of:' State ex rel. Sam H. Jones, Governor of Louisiana, et al., v. D. J. Doucet et al., No. 28,679, of the Civil Docket of this Honorable Court, a motion was filed to recuse the said Honorable Kenneth Boagni, Judge of this Honorable Court, and that, upon the filing of said motion of September 15, 1941, the said Honorable Kenneth Boagni, Judge of said Court, did enter an order recusing himself from the trial of said civil suit; all as is more fully shown by said motion and the Minute entry of recusation made in said case No.
 
 28,679,
 
 Civil Docket of this Honorable Court, of date September 15, 1941, which are made part hereof, by reference.
 

 “IV. That, under the facts and circumstances above alleged, and since the ’
 
 *159
 
 said Kenneth Boagni seeks reelection to the office of-judge at the election to be held next year, he has a personal and pecuniary interest in the outcome of this case, and cannot, under the law, sit and judge the same over the objection of your defendant, Savoy; that the said Judge Kenneth Boagni interested himself in charges against your defendant and others to such an extent that he is incompetent to fairly and impartially preside at the trial of this cause.
 

 “Wherefore, Defendant prays that the Honorable Kenneth Boagni do now recuse himself on the trial of this cause. He prays for each and every order necessary in the premises; for full, general relief.”
 

 It is stated in the majority opinion that relator filed a motion to recuse Judge Boagni, alleging “that the acts of Boagni, individually and as the president of the Voluntary Guardians of Clean Government, had brought about his indictment in accordance with his plans to gain greater political power, by having him removed from the office of assessor to which he had been elected in January 1940 on the opposition ticket”.
 

 A careful reading of the motion to recuse will show that this statement is erroneous, and I say this with respect. I do not find that relator alleged that the acts of Judge Boagni individually brought about, or tended to bring about, the indictment of relator. It is not alleged that Judge Boagni interested himself in bringing about the criminal charges now pending against relator or that he said anything or did anything to cause the indictments to-be brought.
 

 According to relator’s allegations, there-are two political factions in the Parish of St. Landry, Judge Boagni being affiliated with one of these factions and relator with the other. It is alleged in Paragraph (a) of Subdivision I of the motion to recuse that Judge Boagni was an active leader of his political faction, which faction was and is opposed to relator, and opposed to the faction with which relator is affiliated, and that this opposition between the two factions existed when relator was a candidate for assessor in 1935 and existed through relator’s term of office, 1936-1940, and exists at the present time; that said opposition is “continually being fomented and kept alive
 
 by the political faction
 
 with which the said Judge Boagni is affiliated”. (Italics mine.)
 

 It will be noted that it is alleged, not that the “opposition” mentioned is being “fomented and kept alive” by Judge Boagni, but that it is being fomented and kept alive by the political faction with which the judge is affiliated.
 

 In Paragraph (b) it is alleged that Judge Boagni “was one of the organizers” of an organization known as the “Voluntary Guardians of Clean Government”, and was president of the organization until he became a candidate for the office which he now holds in December, 1940. And in Paragraph (c) it is alleged that “the political faction with which the said Judge” is affiliated and the Voluntary Guardians of Clean Government, “in furtherance of a
 
 *160
 
 plan and scheme to control the office of assessor” and the police jury, have sought to discredit relator and finally “to • bring about his indictment with a view of having a successor appointed” by the governor.
 

 It is not alleged in Paragraph (c) that Judge Boagni personally devised the plan and scheme to control the office of assessor and the police jury and to bring about relator’s indictment with the view of having him removed from office, or that the judge personally sought to discredit him. The allegation is that the “political faction” with which the judge is affiliated and the Voluntary Guardians of Clean Government sought to discredit him and bring about his indictment.
 

 Defendant was indicted by a grand jury on October 10, 1941. Kenneth Boagni was then judge of the district court but was not then president of the organization known as the Voluntary Guardians of Clean Government, for, in Paragraph (b) it is alleged that he was president of that organization “until he became a candidate for his office in December 1940”.
 

 It is not stated in, nor can it be inferred from the wording of, the above paragraphs that Judge Boagni took any personal interest in the activities and proceedings of the political faction with which he was affiliated, after he became a candidate in December, 1940. If the relator thought that the judge had used his personal or political influence to discredit him and have him indicted, it is reasonable to assume that he would have so alleged.
 

 It is alleged in Paragraph (d) that Judge Boagni “will be a candidate to ' succeed himself”; that defendant “will be a candidate at the next general election for assessor” ; that the Voluntary Guardians of Clean Government “will endorse the candidacy of the said Judge Kenneth Boagni” and “will oppose your defendant”, and will oppose Isom J. Guillory, who will be a candidate for judge in opposition to Judge Boagni, and that relator will support the ■said Guillory.
 

 The allegations of this paragraph are purely speculative and reflect the opinion and conclusions of the pleader. It is not alleged that Judge Boagni is now a candidate to succeed himself and that Isom J. Guillory is a ’ candidate in opposition to him. It is alleged that the two will be rival candidates. Manifestly, he cannot know this, nor can relator know that the Voluntary Guardians of Clean Government will oppose him when he becomes a candidate to succeed himself at the next general election, which, under the law, of which we take judicial cognizance, takes place in 1944. It is common knowledge that the political factions and organizations in this state do sometimes shift their affiliations and endorsements of candidates almost overnight, and that political friends of one day are ofttimes political enemies on the next.
 

 In Paragraph (e) the pleader states his opinion as to the motive which prompted Kenneth Boagni, now judge, and his associates to organize the Voluntary Guardians of Clean Government, and sets forth some
 
 *161
 
 of the political activities of that organization which took place prior to the date on which Judge Boagni became a candidate for the office which he now holds.
 

 Paragraph (f) is a recital of the political activities of Kenneth Boagni, individually and as president of the Voluntary Guardians of Clean Government, in the campaign which preceded the primary election in January, 1940. It is alleged that during the campaign the said Kenneth Boagni made speeches, and printed, or caused to be printed, pamphlets, dodgers, and news articles in various newspapers “denouncing the former State Administration, and particularly the parish administration of the Parish of St. Landry, of which your defendant is a leader as assessor of St. Landry Parish”, and that the statements, denouncing the parish administration, of which defendant is one of the leaders, “and directly, or by implication, accusing the members of said parish administration of being guilty of graft, corruption or oppression in office, were repeatedly made by the said Kenneth Boagni, individually, and as President of the Voluntary Guardians of Clean Government, and were so publicized that the said Judge Kenneth Boagni would be subjected to ridicule and severe criticism by the public, which he knows would greatly prejudice his chances for reelection, if your defendant, Savoy, is acquitted”.
 

 The political campaign mentioned in this paragraph took place long before Kenneth Boagni became judge. It is alleged that he was active in that campaign and “since that time”, but it is not stated that he made speeches or in any way denounced the parish administration, of which relator was and is a part, after he became a candidate for judge, which it is alleged in Paragraph (b) was in December, 1940, at which time, according to relator’s allegations, the said Boagni ceased to be president of the political organization with which he was affiliated.
 

 It is not alleged or intimated that the said Boagni was guilty of such charges or denunciations after he became judge.
 

 This Paragraph (f) alleges, in substance, that, because Kenneth Boagni, the politician, in the course of a previous political campaign, denounced the political faction with which relator was and is affiliated, Kenneth Boagni, now judge, will be subjected to ridicule and criticism when he becomes a candidate for reelection at some future time if relator is acquitted of the charge now pending against him.
 

 Such allegations are purely speculative. They are not based upon any presently existing fact. They amount to no more than the opinion and conclusion of the pleader. Furthermore; it is not alleged that Boagni, the politician, denounced relator personally or accused him of any wrong-doing as assessor, but that he denounced the political faction with which relator was affiliated.
 

 To say that a certain state or parish administration is corrupt does not necessarily imply that each and every person connected with that administration is corrupt. Nowhere in the motion to recuse is it stated or
 
 *162
 
 suggested that Boagni, the politician, or Boagni, the judge, now entertains, or ever entertained, any personal ill-feeling or animosity toward relator.
 

 In Subdivision II of the motion it is stated that the said Kenneth Boagni caused to be printed and circulated by means of handbills “charges against your defendant, Savoy, and others with whom he is politically affiliated, reading, in part' as follows: 'Go to the polls next Tuesday and cast your vote for the Sam Jones ticket, State and Parish, from top to bottom, and thereby do your part to restore decency, honesty and freedom to our State and Parish.’ ”
 

 The political activities mentioned in this paragraph took place during the state campaign preceding the primary of January, 1940, which was almost a year before Kenneth Boagni became a candidate for the office which he now holds. The allegation that the handbills mentioned made “charges against your defendant” is not specific as to what charge was made against him or what the nature of the charge was. If the handbills mentioned made any specific or definite charge against the defendant, it is reasonable to assume that the charge thus made would have been set out by the pleader.
 

 In Subdivision III of the motion, it is alleged that, in a civil case styled “Sam H. Jones, Governor, v. D. J: Doucet”, a motion was filed to recuse Judge Boagni, and that on September 15, 1941, he entered an order of recusation. The motiqn to recuse in that civil case is not. in the record in this case. However, there is attached to relator’s application for writs a document styled “Amendment and Supplement to Motion for Recusation of Trial Judge”. But that motion was filed in a criminal case styled “State of Louisiana v. Daly J. Doucet”.
 

 ‘ In connection with the motion to recuse in the civil case, the judge explained that his reason for recusing himself was that, when the motion was filed, opposing counsel offered no objection to his recusation, and, since there was none, he saw no reason why he should not step aside. He stated, however, that he did not think then, and does not think now, that the motion in that case set out any legal cause for recusation.
 

 The fact that he recused himself in that civil proceeding under the circumstances shown has no relevancy to the issues involved in this case.
 

 In Subdivision IV it is alleged that, under the circumstances “above alleged”, and “since the said Kenneth Boagni seeks reelection to the office of judge at the election to be held next year, he has a personal and pecuniary interest in the outcome of this case”.
 

 These allegations, like those made in Paragraph (d), are speculative and are no more than the opinion and conclusion of the pleader. At most, all that such allegations show is that the judge may have a remote, contingent, or possible interest in the outcome of this case.
 

 “To work a disqualification, the interest must be a direct, certain, and immediate interest, and not one which is indirect, contingent, incidental, or remote.” 30 Am.Jur.,
 
 *163
 
 p. 773, § 57. See, also, 33 C.J., p. 994, § 137.
 

 It is further alleged in this section of the motion that “the said Judge Kenneth Boagni interested himself in charges against your defendant and others to such an extent that he is incompetent to fairly and impartially preside at the trial of this cause”.
 

 This allegation is vague and indefinite. It is not stated that the respondent judge “interested himself” in bringing about the criminal charge now pending against defendant, or that he took any steps or said anything or did anything to cause the indictment to be brought. The pleader does not state what charges against the defendant and others he refers to, or state when or how Judge Boagni interested himself in the charges. It is not stated whether the charges referred to were those mentioned in previous sections of the motion to recuse, or whether the charge referred to is the criminal proceeding now pending against relator. Clearly this allegation is too vague and indefinite to admit of proof if the motion were referred to another judge for trial.
 

 My opinion is that the facts alleged by relator are not sufficient, even if true, to sustain a holding that the respondent judge is interested in the criminal charge now pending against relator, under repeated rulings of this court interpreting the meaning of that provision in the statute which provides that one of the causes for which a judge may be recused is “His being interested in the cause”. The allegations of fact made in the motion do not state a statutory cause for recusation.
 

 It is not alleged that Judge Boagni instigated the investigation which led to the indictment of the defendant; that he interested himself, or was interested, in such investigation, or that he counseled or advised it. It is not alleged that he used, or attempted to use, his personal or political influence with the witnesses, the members of the grand jury, or any of the court officers to have defendant indicted, or that the indictment was returned in response to any desire on his part, expressed or implied. It is not alleged that he at any time did any act which tended to bring on the criminal prosecution, or that the judge ever stated that the defendant himself was, or is, dishonest, or that the judge is now fomenting and keeping alive political strife and antagonism between the two political factions, the allegations being that such strife is being kept alive by the political faction with which the judge is affiliated.
 

 According to relator’s allegations, the members of the political faction with which the judge is affiliated, and the judge himself, are political enemies of the members of the political faction with which defendant is affiliated, and of defendant himself.
 

 It is settled that the fact that a judge is a political enemy of the defendant in a criminal case, or that he is prejudiced against him, or that he has expressed an opinion concerning the guilt of a defendant, or that he has ruled against him on previous occasions, is not legal cause for recusation. State v. Hayes, 127 La. 762, 53 So. 983, State v. Morgan, 142 La. 755, 77 So. 588; State v. Rini, 153 La. 57, 95 So. 400; State v. Phillips, 159 La. 903, 106 So. 375.
 

 
 *164
 
 This is upon the theory that a judge who is bound by a solemn oath to be fair and impartial and to render righteous judgments in all cases brought before him for trial will not permit his personal feelings to sway him in the performance of the duties which the law and his oath impose upon him.
 

 In State v. Nunez and State ex rel. Martin v. Judge, supra, this court ordered the judge either to declare his recusation or to refer relator’s motion for recusation to a district judge of an adjoining district for trial. But in those cases the facts alleged to show interest on the part of the judge were entirely different from the facts alleged in the present case.
 

 In the Nunez case, relator alleged that the prosecution against him was set on foot by the judge, who acted therein as detective, prosecuting witness, and in the dual capacity of prosecuting attorney and judge; that the judge hunted up witnesses in the case and had the clerk of court summon witnesses before the grand jury without notice to the accused, in order to substantiate his charge; that the grand jury brought into court a certain indictment against the relator, and that, instead of ordering said indictment filed, the judge, in the dual capacity of prosecuting officer and judge, took said indictment from the grand jury and read the same aloud, discarded it, and, without request by the gr.and jury, ordered the deputy clerk of court to give the grand jury private instructions to go back into their room and bring another indictment against the accused, and instructed a lawyer to go to the grand jury room to prepare another indictment.
 

 In the Martin case, it was alleged that the judge was active politically in the parish and was the leader of a political faction opposed to the defendant, and that, in furtherance of his scheme to gain control of political offices in the parish and to perpetuate himself in office, he instigated the prosecution to intimidate the accused; that he had threatened the mover with criminal prosecution and punishment; that the judge had sought the opinion of the attorney general, which opinion confirmed his own, and had formed a fixed and unchangeable opinion of the mover’s guilt; that he had initiated the prosecution and induced the making of the affidavit before him, and to all intents and purposes was the prosecuting witness against the accused.
 

 In the recent case of In re Perez, District Attorney, 194 La. 763, 194 So. 774, 775, a petition was filed in the district court for the appointment of an attorney to institute a suit.for the removal from office of the district attorney. The petition alleged that the district attorney was incompetent and guilty of favoritism in office in that he failed to present to the grand jury a certain homicide case.
 

 The district attorney filed a motion to recuse the district judge on the ground that the judge was interested in the matter, in that the judge himself had caused to be instituted the proceedings against the district attorney “for the purpose of protecting his brother who was being investigated by the District Attorney in connection with unlawful gambling enterprises”.
 

 
 *165
 
 In that case the judge appointed an attorney to institute the removal proceedings against the district attorney. The court reversed the ruling and set aside the appointment made by him, and ordered the judge to recuse himself or to refer the question as to whether he should be recused to another judge. The ruling was based on relator’s allegation that the judge himself had instituted the proceedings to appoint an attorney to file removal proceedings against the district attorney in order to protect his brother, who was being investigated by the district attorney in connection with unlawful gambling enterprises.
 

 I dissent.