FOURNET, Justice.
 

 Upon the application of the relators, Jerome A. Hayes, supervisor of public funds, and his attorney, James J. Kohlman, we exercised our supervisory jurisdiction in these cases to review the rulings of the Hon. Robert S. Ellis, Jr., Judge of the Twenty-first Judicial District Court, declining to recuse himself or to submit the matter of his recusation to a judge of an adjoining district in the trial of the relator Hayes on four indictments returned against him by the Grand Jury of Tangipahoa Parish, and we issued an order staying all proceedings against the relator Hayes and also the contempt proceedings instituted against both of the relators pending our determination of the matter.
 

 On November 24, 1941, the Grand Jury of the Parish of Tangipahoa returned four indictments against the relator Hayes, two charging him with libel, one with the destruction of public records, and one with malfeasance in office. Two days thereafter the relator Hayes, through his attorney, the relator Kohlman, filed a motion seeking' the recusation of Judge Ellis on the ground of interest. Judge Ellis refused ,to sign the order recusing himself and also refused to sign an order appointing a judge of an adjoining district to pass on the motion for his recusation, his assigned reason therefor being that the petition filed by the relator Hayes failed to disclose any facts from which the conclusion could be drawn that he (the district judge) did in fact have an interest in the cause within the meaning and contemplation of the law requiring a judge’s recusation in such cases. Article 303 of the Code of Criminal Procedure. On November 28, the relators were ordered to show cause on December 4 why they should not be punished for contempt of court for filing the petition for recusation, which petition the trial judge characterized as being “scurrilous, libelous, and
 
 *277
 
 vicious.” Whereupon the relators filed separate applications in each case for writs of mandamus, certiorari, and prohibition, which we granted, at the same time staying the contempt proceedings filed against the relators.
 

 “The jurisprudence of this State is well-settled that if the allegations of the petition for the recusation of a judge are mere general statements of conclusions that the judge is prejudiced and biased against or hostile to the defendant because of personal or political reasons, or that if the petition does state facts which, if proved, would not constitute a legal ground for recusation, the judge who is sought to be recused may himself overrule the motion and need not refer it to another judge for trial. * * * On the other hand, * * * the grounds of recusation of a district judge are statutory, and * * * where the petition or the motion for the recusation of the judge alleges facts which constitute a cause of action, the judge must refer it to another judge for trial, and where on the trial thereof, the allegations are proved by competent evidence, the judge should be recused.” State of Louisiana v. Daly J. Doucet, La. Sup., 5 So.2d 894, handed down January 5, 1942. See, also, the authorities therein cited.
 

 The petition for recusation in this case contains twenty-three paragraphs or allegations, some of which are very vague and indefinite, the majority of which form no basis for the recusation of the respondent judge. Nevertheless, after an analysis of the entire petition, we think the conclusion may be fairly drawn that the idea intended to be conveyed by these allegations is that Judge Ellis has been actively engaged in the Parish of Tangipahoa in an organized effort to discredit, in the eyes of the public, the relator Hayes personally and his findings in his official capacity as supervisor of public funds in order to save one-of his (the respondent judge’s) friends and political co-leaders from prosecution for embezzlement and irregularities in the expenditure of public funds.
 

 Charges such ás these are indeed serious and if the relator Hayes can prove them Judge Ellis certainly is not a proper person to try the relator Hayes’ cases, especially those of libel and malfeasance in office, in which cases he is the sole judge of the law and the facts. To hold otherwise would make nugatory the rights guaranteed under our constitution and that of the United States that
 
 all
 
 persons shall have a fair and impartial trial. “Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights, and courts cannot too carefully guard against any attempt of an interested judge to force himself on litigating parties.” 15 R.C.L. 526.
 

 Under the express provisions of the Code of Criminal Procedure, Article 309, a district judge who is unwilling to recuse himself when application therefor, accompanied by written legal reasons, is presented to him, is charged with the mandatory duty of referring the matter to another judge of his district for trial and decision, if there be another judge in his dis
 
 *278
 
 trict, and, if not, to refer the same to the judge of an adjoining district.
 

 As to whether or not the matter contained in the petition for recusation filed by the relator Hayes through his attorney, the relator Kohlman, is of such a nature as to render the relators in contempt of court for having filed the same, we express no opinion here, for the allegations, if true, would not be punishable for contempt, however derogatory in natures This matter can only properly come up for consideration if and when the contempt proceedings are sought to be enforced against the relators after the hearing is had on the motion for recusation.
 

 For the reasons assigned, the writs issued in these cases are made absolute, and it is adjudged, ordered, and decreed that the Honorable Robert S. Ellis, Jr., Judge of the Twenty-first Judicial District, refer the application of the relator Jerome A. Hayes for the recusation of the said Judge Ellis to another judge in the same judicial district, if there be one, and, if not, to a judge of an adjoining district, in order that the application of the relator Jerome A. Hayes may be there tried and determined; it is also ordered that the contempt proceedings pending against the relators Jerome A. Hayes and James J. Kohlman be stayed until the final determination of the matter of recusation.