PONDER, Justice.
 

 On June 29, 1942, the Attorney General, on behalf of the State, and the District Attorney of St. Landry Parish, on behalf of the Police Jury and the St. Landry School Board, brought suit against Lennie Savoy, the Assessor of St. Landry Parish, and the surety on his bond, U. S. Fidelity & Guaranty Company, seeking to recover $9,968.38 for money allegedly embezzled or misused by Lennie Savoy.
 

 The defendant Lennie Savoy moved, on July 8, 1942, to recuse the trial judge, Honorable Kenneth Boagni, Judge of the Twenty-Seventh Judicial District Court for the Parish of St. Landry, on the ground that he was interested in the cause.
 

 On January 29, 1945, the defendants, Lennie Savoy and the U. S. Fidelity & Guaranty Company, filed an amended and supplemental motion for the recusation of the trial judge. The minutes of the court show that this motion for recusation was submitted to the court with reservation to the U. S. Fidelity & Guaranty to file an additional motion for recusation.
 

 The lower court, on motion of the plaintiffs, signed an order discontinuing and dismissing the suit as against the defendant Lennie Savoy as of nonsuit on February 2, 1945 over the objection of defendants’ counsel. Counsel for the defendants applied to this Court for the writs of certiorari, prohibition and mandamus. The writs were granted, and the matter is now submitted for our determination.
 

 Counsel for the defendants contends that the order of the trial judge discontinuing and dismissing the suit as against Lennie Savoy prejudices the rights of the defendant surety, and .that the court was without authority to grant any order of any nature during the pendency of the motion to recuse. In other .words, counsel contends that the order signed by the district judge dismissing the suit as to .the defendant Savoy was illegal, null and void.
 

 In the case of the State of Louisiana ex rel. Joseph Tyrrell v. Judge of Fifteenth Judicial District Court, Parish of Point Coupee, 33 La.Ann. 1293, this Court stated:
 

 “When a refusal has thus been made to the judge’s trying the cause, on account of,
 
 *985
 
 interest, that refusal must be respected by the judge. He must either admit his disqualification and enter up the order of recusation or deny it, and thereby raise an issue touching his right to try the case. If he pursues the latter course, it is plain to see that he could not legally decide that issue himself. Assuming that he is interested — as charged — that interest would prompt him to declare himself not interested, as much as it would move him to follow that interest in the judgment he would render in the cause. Hence, it is not enough for the judge to disavow an interest, but, where such disavowal is not satisfactory to the party making the challenge— as in the present case — and he insists upon showing such interest in the ■ judge, it evinces an unwarranted exercise of authority in this officer to assume to determine this question, so exclusively personal to himself and affecting his own competency. He should at once recuse himself on this issue and refer it to be tried in the manner pointed out by law. If on such trial, the ground of recusation is shown untenable and the competency of the judge to try the case decreed, .then, and not till then, is the judge authorized to proceed in the case.
 

 “To hold otherwise, would be to render this important right of recusation or challenge nugatory and worthless.”
 

 In the case of State of Louisiana ex rel. Segura v. Judge of Twenty-First Judicial District, 37 La.Ann. 253, wherein a trial judge attempted to pass on a motion to recuse himself, this Court stated:
 

 “It may well be, as the respondent claims, that the relator has no just foundation to recuse him, and that the plea has no merit; but, if such indeed be the case, it is not for him to say so.
 

 “His duty was, on the filing of the recusation, to have recused himself, to have called in another judge to try the plea and eventually the case, and to have abstained from exercising jurisdiction over the matter pertaining to the case, until the plea had been effectually overruled.
 

 “In the case of. Hunter v. Blackman, Mann Unrep. Cas., 427, our immediate predecessors said, that a recused judge is incompetent to make any order, except one of recusation. If the power exercised by the judge should be recognized, it would insure an immunity from legal pursuit. The law, they said, never contemplated that any man, however honorable, should be a judge in his own case. * * *
 

 “This rule of conduct applies to all judges, whether they exercise original or appellate jurisdiction. * * * ”
 

 In the case of State of Louisiana ex rel. R. F. Hogsett, Sr., v. J. H. Patin, Justice of the Peace, 47 La.Ann. 1592, 18 So. 622, 623, we find this pertinent statement: “In Hunter v. Blackman, Mann Unrep. Cas. 427, our immediate predecessors said ‘that a recused judge is incompetent to make any order except one of recusation.’ .See, also, to the same effect, State ex rel. Tyrrell v. Judge, 33 La.Ann. 1293; President, etc., [of Roman Catholic Church of Ascension] v. [Perche], 36 La.Ann. 160; State ex rel. Trimble v. Judge, 38 La.Ann. 247; State ex rel. Nolan v. Judge, 39 La.Ann. 994, 3 So. 91; State ex rel. Fontelieu v. Judge, 37 La.Ann. 392."
 

 
 *987
 
 The doctrine laid down in the above cases has been approved and restated in the cases of: State ex rel. Ribbeck v. Foster, 112 La. 533, 36 So. 554; State v. Banta, 122 La. 235, 47 So. 538; State v. Nunez, 147 La. 394, 85 So. 52; In re Perez, 194 La. 763, 194 So. 774; State v. Doucet, 199 La. 276, 5 So.2d 894; State v. Hayes, 199 La. 549, 6 So.2d 657.
 

 The demands set out in plaintiffs’ petition grow out of the same transactions involved in the case of State v. Savoy, 199 La. 305, 5 So.2d 903. In that case, the defendant was being prosecuted for embezzlement, and this Court arrived at the conclusion that Honorable Kenneth Boagni, Judge of the Twenty-Seventh Judicial District Court for the Parish of St. Landry, was interested in the cause. We ordered his recusation and transferred a judge from an adjoining district to try the case.
 

 The present suit, a civil action, is predicated on the same state of facts with the .view of recovering the amount purported to have been embezzled by Lennie Savoy. The liability of either Savoy or his surety depends on whether or not the defendant Savoy wrongfully embezzled public funds. If Savoy had a right to urge the recusation of the trial judge, the surety certainly would have the same right. Under the circumstances in this case, it would have the right for the reason that the liability o.f either depends on whether or not Savoy embezzled public funds.
 

 Counsel for the plaintiffs is under the impression that the surety could not join in Savoy’s motion to recuse, and he contends that the surety would have to file a separate motion.
 

 We know of no reason why parties whc* are made defendants cannot join in a motion of. this nature where their liability depends on .the same cause of action.
 

 In view of the jurisprudence of this State, the trial judge had no authority to execute any order in this suit while the motion for recusation was pending. Consequently, the order dismissing .the suit as ■to the defendant Savoy is null and void. Whether or not the plaintiffs have a right to discontinue the suit as to one of the defendants is immaterial. It is sufficient to say that the trial judge was without authority to execute the order.
 

 Counsel contends that the execution of the order was a ministerial act and not necessarily invalid by reason of the pendency of the motion to recuse. He has pointed out no decision of. any appellate court of this State to support this contention. We are not prepared to say .that the, order was ministerial in its nature. Be that as it may, the authorities heretofore referred to indicate that thé .trial judge cannot execute any order during the pendency of the motion to recuse.
 

 For the reasons assigned, the writs are made mandatory; the order dated February 2, 1945 and signed on February 2, 1945, dismissing the suit as to the defendant Lennie Savoy is annulled and set aside. The Honorable Kenneth Boagni, Judge of the Twenty-Seventh Judicial District Court for the Parish of St. Landry, is prohibited from executing any orders or exercising'
 
 *989
 
 jurisdiction of any matter pertaining ,to this case during the pendency of the motion to recuse.
 

 HIGGINS, J., takes no part.