894 So.2d 1180 (2005)
Vernon J. TATUM, Jr.
v.
The ORLEANS PARISH SCHOOL BOARD.
No. 2004-CA-1190.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2005.
Vernon J. Tatum, Jr., New Orleans, in Proper Person, Plaintiff/Appellant.
Franklin V. Endom, Jr., Rosenberg & Endom, L.L.P., New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr., and Judge LEON A. CANNIZZARO, Jr.
TOBIAS, J.
Vernon J. Tatum, Jr. ("Tatum") appeals the 23 April 2004 order signed by the Honorable Yada T. Magee, Judge of Division "F" of the Civil District Court, which sets aside and vacates her 17 March 2004 order recusing herself from this case.
On 12 March 2004, Tatum filed a pleading entitled "Motion for Recusal," in which he asserted that Judge Magee should recuse herself on the grounds of bias. Tatum pointed to a 24 January 2003 hearing before Judge Magee on an exception of no cause of action and rule to show cause in another suit filed by Tatum against the Honorable Dale N. Atkins, Clerk of the Civil District Court (case bearing docket number XXXX-XXXXX). Tatum alleged that Judge Magee showed bias against him in that earlier case when he asked whether the hearing was being transcribed and whether the witnesses had been sequestered. Allegedly, Judge Magee responded that witnesses were not allowed to testify during exceptions, hearings, and rules. According to Tatum, Judge Magee recused herself from case number XXXX-XXXXX; consequently, he requested that Judge Magee recuse herself from the instant case based on his fear that she would act with bias and vindictiveness toward him. Tatum has not alleged any judicial improprieties in the instant case.
As noted above, on 17 March 2004 Judge Magee signed an order recusing herself in the instant case. Subsequently, on 11 May 2004, Judge Magee signed an order setting aside and vacating the order of recusal of 17 March 2004, stating that *1181 the 17 March 2004 order was signed in error. On 21 May 2004, Tatum filed a motion for appeal and designation of the record regarding Judge Magee's order setting aside and vacating her recusal order. On 3 June 2004, Judge Magee granted Tatum an appeal.
This court held in Arcement v. Cruz, 02-2533, p. 1 (La.App. 4th Cir.12/20/02), 836 So.2d 314, 315 that "Once a trial judge recuses himself or herself from hearing a case, the judge is thereafter precluded from hearing that case ever again." It therefore clearly follows that if a trial judge recuses himself or herself from a case, the trial judge may not take any further action in that case, including that of rescinding the prior order of recusal. State v. Clarke, XXXX-XXXX, p. 5 (La.App. 1 Cir. 9/29/03), 857 So.2d 599, 602, citing Arcement, supra.
In State v. Price, 274 So.2d 194, 197 (La.1973), the Supreme Court said,
It has long been recognized in our civil procedure that once a judge is recused, or a motion for his recusal has been filed, he has no power to act (except to appoint the proper person to sit ad hoc when the law provides for such an appointment). Any action taken by a recused judge is an absolute nullity. State v. Judge of Twenty-First Judicial District, 37 La. Ann. 253 (1885); State v. Judge of Twenty-Second Judicial District Court, 39 La. Ann. 994, 3 So. 91 (1887); Jones v. Cunningham, 157 La. 208, 102 So. 309 (1924); State v. Savoy, 207 La. 982, 22 So.2d 402 (1945).
In light of the jurisprudence noted above, we hold that Judge Magee is recused in this case. Accordingly, we reverse the order of the trial court that restored Judge Magee to her position of presiding over this case and remand this matter to the Civil District Court for reallotment to another division of that court, excluding from that allotment Division "F" of the court.
REVERSED.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J., Dissenting.
I respectfully dissent.
A judge may recuse herself, whether a motion for recusation has been filed by a party or not, in any cause in which a ground for recusation exists. La. C.C.P. art. 152 A. If a judge recuses herself pursuant to La. C.C.P. art. 152, she shall provide in writing the specific grounds under La. C.C.P. art. 151 for which the recusal is ordered within fifteen days of the rendering of the order of recusal. La. C.C.P. art. 152 D.
In the trial court's order of April 23, 2004, Judge Magee states, "[t]he order of Recusal signed on March 17th 2004 in the above captioned matter was signed in error." The record before us contains the signed March 17, 2004 order but it does not contain any written reasons by Judge Magee specifying the grounds for her recusal as required by La. C.C.P. art. 152 D. Absent written reasons or a transcript and/or minute entry of the court proceedings in the record to indicate that Judge Magee did, in fact, recuse herself from the case, I believe this Court should accept her explanation that she mistakenly signed the recusal order.
Mr. Tatum's motion to recuse Judge Magee is predicated on La. C.C.P.art. 151 B(5), which provides:
B. Any judge of any court, trial or appellate, may be recused when [she]:
(5) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an *1182 extent that [she] would be unable to conduct fair and impartial hearings.
La. C.C.P.art. 154, relative to the procedure for recusation, provides that "[i]f a valid ground for recusation is set forth in the motion, the judge shall either recuse [herself], or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing." Because Mr. Tatum's written motion to recuse alleged a potentially valid ground for recusation, Judge Magee had the option of recusing herself or referring the motion to another judge pursuant to La. C.C.P. art. 155. Thus, rather than reversing and remanding the matter for reallotment, I would uphold Judge Magee's order vacating the March 17, 2004 recusal order and remand the matter to the trial court to refer Mr. Tatum's motion to recuse to another judge pursuant to La. C.C.P. art. 155 for a hearing.